FARMERS' LOAN & TRUST CO. *v.* BANKERS' & MERCHANTS' TEL. CO. *et al.*

(*Supreme Court, General Term, First Department.* July 9, 1889.)

EQUITY—LACHES—ACQUIESCENCE.
On a petition to set aside a mortgage sale it appeared that the sale was made two years before the filing of the petition; that immediately after the sale petitioner sued to have the purchase declared in trust for certain purposes, but the suit lay dormant until the petition was filed. *Held*, that defendant, after so long acquiescence, cannot be heard to ask to have the sale set aside.

Appeal from special term, New York county.

Action by the Farmers' Loan & Trust Company against the Bankers' & Merchants' Telegraph Company and others, commenced in April, 1885, by the Farmers' Loan & Trust Company to foreclose a mortgage executed by the Bankers' & Merchants' Telegraph Company, a New York corporation, and by the Bankers' & Merchants' Telegraph Company of New Jersey, a New Jersey corporation, and by the Bankers' & Merchants' Telegraph Company of Pennsylvania, a Pennsylvania corporation, and by the Bankers' & Merchants' Telegraph Company of Baltimore city, a Maryland corporation, to the plaintiff as trustee, to secure an issue of bonds of $1,000 each, amounting in the aggregate to $10,000,000, issued by the New York corporation. In June, 1885, a decree of foreclosure was entered. The mortgaged property was sold July 31, 1885, to one Edward S. Stokes for $500,000, and conveyed to his appointee, the United Lines Telegraph Company. A certain "reorganization agreement" was entered into after the sale in the interest of the mortgage bondholders, of whom the appellant the John A. Roebling's Sons Company was one. Immediately after the sale the appellant commenced a suit to have the purchase by said Stokes declared to be in trust pursuant to the terms of the reorganization agreement, but nothing was done until this proceeding was begun. In May, 1887, the John A. Roebling's Sons Company filed a petition in the foreclosure suit, asking that the sale of July 31, 1885, be set aside. The petition was denied and petitioner appeals. For decision on motion to dismiss appeal, see 4 N. Y. Supp. 954. The following is the special term opinion denying the petition: "LAWRENCE, J. It is conceded in the petition filed by John A. Roebling's Sons Company that the petitioner immediately after the sale, and within about a week after the 7th of August, 1885, knew of the agreement of that

date, and that Stokes repudiated the obligations alleged to have been assumed by him under the reorganization agreement, upon which the petitioner alleges that it relies, and that upon learning that fact it commenced an action in this court against Stokes, the United Lines Telegraph Company, and Townsend and others, the reorganization committee, in which suit the plaintiff claimed to have it adjudged that the said Stokes had made the purchase in trust, under and pursuant to the first reorganization agreement, to have a receiver appointed, and to have the parties who had acted as trustee thereunder removed from their trust, and the receiver directed to carry out said agreement. It is then averred that from then until now this suit, and also the suit brought by the petitioner, has stood substantially in *statu quo*, awaiting further developments; that the agreement of August 7, 1885, has not been carried out, and has been but tentatively executed, no bonds being issued; and the petitioner believes that there is practically no change of the *statu quo*, unless because of some action of said Stokes and said United Lines Telegraph Company with regard to third parties, in their own wrong. It is insisted on the part of the purchaser and of the reorganization committee that, in substance, the first proposition of the reorganization committee was carried out, and that such changes in the scheme as were made by the agreement of August 7, 1885, were made in good faith, and for the best interests of all concerned; and, furthermore, that as the petitioner has remained quiet for so long a time without taking any steps to press its suit, or to question the sale, it is now too late to question the validity of the agreement of August 7, 1885, and that it is estopped from asking that the sale be set aside. The allegations contained in the petition are very fully met and denied in the answering affidavits filed on the part of the purchasers, the reorganization committee, and the United Lines Telegraph Company, and the cases cited by their counsel seem to sustain the position that the petitioner, having elected by the suit brought by it to ask for a confirmation of the sale, cannot now demand that it be set aside. *Depew* v. *Dewey*, 46 How. Pr. 441; *Hat Blocking Co.* v. *Hat Blocking Co.*, 56 How. Pr. 88; *In re Flushing Ave.*, 101 N. Y. 678, 5 N. E. Rep. 561; *Lockwood* v. *McGuire*, 57 How. Pr. 266. I have considered the exceptions filed to the report of the referee by Messrs. Wise and Bill, by the plaintiffs and the purchaser. Inasmuch as the judgment expressly provides that the purchaser may pay in receiver's certificates, issued in the action wherein Alexander De Haven was plaintiff and the Farmers' Loan & Trust Company and others were defendants, I do not see how it can be claimed that the referee would be authorized to receive any other certificates in payment of the purchase price. It does not clearly appear from the report of the referee how he arrived at the conclusion that the certificates deposited with him by Mr. Stokes, the purchaser, were worth 60½ per cent. on the dollar; nor is the court put in possession of such *data* as will enable it to determine whether such estimate is correct. For the same reason that receiver's certificates other than those issued in the De Haven suit cannot under the terms of the judgment be received in payment of the purchase price, the other large claims referred to in the report of the referee as having been presented with the demand that they be allowed in payment of such price cannot be received. It is quite clear, therefore, that the purchaser has not fully complied with the terms of the judgment in respect to the payment of the purchase price, and according to the figures of the referee there is an amount of $32,991.77 still due on account thereof. This is based upon the assumption that the receiver's certificates are to be received at the rate of 60½ per cent. on the dollar as stated in the report. The counsel for Messrs. Wise and Bill claims that his clients are entitled to a dividend upon this amount at once, but the difficulty in making such an order is found in the fact that the court is unable to determine from the report and other papers submitted whether the rate at which the certificates have been received on account of the purchase is correct. As

I wish to avoid the necessity of another reference in this matter, counsel may, if they so desire, be heard upon the question of the rate at which such certificates shall be received, and as to the propriety or feasibility of directing the payment of a dividend at the present time. The allegations as to misconduct on the part of the receiver are flatly denied, and I see no reason on the papers for holding that he has not been actuated by a desire to do his duty. The order to be entered herein may be settled on one day's notice. There are a number of other questions discussed in the briefs presented by counsel, which I do not deem it necessary to pass upon further than is indicated in this memorandum."

*Wheeler H. Peckham*, for appellant.   *Robert G. Ingersoll*, for respondent Stokes.   *Roger Foster*, for other respondents.

PER CURIAM.   The main facts relied upon as reasons for setting aside the sale in this case were known to the petitioner before the end of August, 1885. This proceeding was not instituted until May, 1887.   In August, 1885, the petitioner began a suit against Edward S. Stokes, the purchaser at the sale, and other defendants, the purpose of which was to procure a judgment that Stokes had made the purchase in trust under the first reorganization agreement relating to the Bankers' & Merchants' Telegraph Company.   The institution of that action was an affirmance of the sale, so far as the petitioner is concerned.   Since the petitioner thus elected to have the sale stand, the situation of the other parties to the transaction has materially changed; and we agree with the learned judge at special term that the petitioner, after having acquiesced in the sale so long, cannot now successfully insist that it shall be set aside on account of the irregularities specified in this proceeding.   The order appealed from should be affirmed, with costs.   All concur.