FARMERS' LOAN AND TRUST COMPANY, Respondent, *v.* BANKERS AND MERCHANTS' TELEGRAPH COMPANY et al., JOHN A. ROEBLINGS' SONS COMPANY, Appellant.

The judgment in an action to foreclose a mortgage executed by a telegraph company to secure its bonds, recited the amount due upon the bonds as it appeared by affidavit, ordered the referee appointed to sell to ascertain and report the amount due " on such bonds as may be ascertained and reported by such referee to be secured by said mortgage," with the names of the persons holding them and by what title, and to sell. unless previous to the sale " the amount herein found · as actually due and payable" shall be paid. · The referee did not, prior to the sale, report the amount due ; his report of sale was confirmed. On motion by a bondholder to set aside the sale, upon the ground that the failure to make such report rendered the sale illegal, *held*, that the court below was competent to interpret its own judgment, and its confirmation of the sale showed its understanding to be that the reference as to amount of bonds was to be executed after sale. Also, *held*, that, inasmuch as it appeared that the entire proceeds of the foreclosure would be exhausted in paying claims paramount to the bonds, the omission to execute the reference before sale, conceding it was required by the judgment, was at most a harmless irregularity; and that the court below had power, in its discretion, to refuse to set aside the sale on that account.

The judgment did not expressly authorize the referee to execute a deed to the purchaser ; it provided that the purchaser should be entitled to possession on production of his deed, and that the mortgagor and its receiver should join in the deed. It was claimed that the referee had no authority, under the judgment, to execute a deed. *Held*, untenable ; that such authority was to be understood from the language of the judgment ; also, that as the court below had sanctioned the giving of the deed and thus construed its judgment, no ground of complaint on that account remained.

The judgment provided that the purchaser should pay a certain amount of the purchase-price in cash, and that the balance might be paid in receiver's certificates or in bonds, to be received at a *pro rata* rate, as provided. Upon the sale the purchaser paid the cash required and delivered to the referee what was supposed, at the time, to be a sufficient amount of certificates, but which afterwards proved to be insufficient to pay the balance of the purchase-money ; he also gave ample security to pay any balance that might be found due. In confirming the referee's report, the court ordered that the referee should inquire and report to the court what receiver's certificates should have been or should be accepted by him in payment of the purchase-price, and how much, if

anything, was due upon the purchase-price. It was claimed the full purchase-price should have been paid before the deed was delivered *Held*, untenable.

Prior to the sale a reorganization agreement had been entered into, to which the petitioner was a party. *Held*, that the court was not obliged to set aside the sale because such agreement had been violated; that the court, in its discretion, could leave the petitioner to pursue its remedy by action.

The petitioner did not offer to bid for the property upon a resale any more than the price for which it was sold, and did not show that anyone would bid any more; also, with knowledge of all the essential facts, it delayed for nearly two years before making the application. In the meantime the property had gone into the hands of a new corporation, which had expended large sums of money thereon, had mortgaged the same to secure bonds, and had issued stock to a large amount; so that if a resale were ordered it would be impossible to restore the parties to be affected thereby to their former position, and irreparable mischief might be done. *Held*, that the petitioner had no absolute legal right to have the sale set aside; that the court below had discretion to deny the application; that it did not appear it had abused its discretion, and, therefore, this court had no jurisdiction to review the order appealed from.

(Argued December 9, 1889 ; decided January 14, 1890.)

APPEAL by John A. Roeblings' Sons Company from order of the General Term of the Supreme Court in the first judicial department, made June 9, 1889, which affirmed an order of Special Term, denying a petition to set aside a sale under the judgment herein.

This action was brought to foreclose a mortgage executed by defendant, The Bankers and Merchants' Telegraph Company, upon its property to plaintiff as trustee. The mortgagor became insolvent, receivers of its property were appointed with power to operate and manage its lines of telegraph, until the further order of the court, with authority to issue receivers' certificates, which was done. Under judgment of foreclosure and sale the property was sold by a referee, appointed for that purpose. The purchaser assigned his bid to defendant, The United Lines Telegraph Company, to which company the property was conveyed by the referee. On the coming in of the report of sale, the appellant, as the holder of mortgage bonds and

receivers' certificates, excepted thereto and petitioned to set aside the sale.

The further material facts appear in the opinion.

*Wheeler H. Peckham* for appellant. The court erred in overruling the exception of the Roebling company. (*C., etc., R. R. Co.* v. *Fosdick,* 106 U. S. 47–71.)

*Robert G. Ingersoll* for the United States Telegraph Company and Edward S. Stokes respondents. The appellant is estopped by laches and positive acquiescence. (*L. C. Co.* v. *A. C. R. R. Co.,* 15 Fed. Rep. 47; *T. L. O. Co.* v. *Marbury,* 91 U. S. 587; 2 Hermann on Estoppel, 1195; *Norway* v. *Rowe,* 19 Ves. 144; *Clegg* v. *Edmondson,* 8 De G., M. & G. 787; *Burnett* v. *Brown,* 105 Mass. 551; *McMahon* v. *N. Y. & L. B. R. R. Co.,* 24 N. J. Eq. 56; *In re Woolsey,* 95 N. Y. 135; *In re Flushing Ave.,* 101 id. 155; *Depew* v. *Dewey,* 46 How. Pr. 441, 447, 448; *S. H. B. Co.* v. *E. H. B. Co.,* 56 id. 70; *Lockwood* v. *McGuire,* 57 id. 266; *Haines* v. *Taylor,* 3 How. Pr. 205; *Gardner* v. *Ogden,* 22 N. Y. 327, 340; *E. F. Co.* v. *Hersee,* 33 Hun, 169, 178, 185; 103 N. Y. 24, 27; *Muller* v. *Tuska,* 87 id. 166; *Acer* v. *Hotchkiss,* 97 id. 395; *B. F. Co.* v. *Cox,* 106 id. 555; *Hayes* v. *Midas,* 104 id. 602; *Fowler* v. *B. S. Bk.,* 113 id. 450, 455; *Rodermund* v. *Clark,* 46 id. 354.) It asks for equitable relief and does not offer to do equity. (*Peck* v. *N. Y. & N. J. R. Co.,* 85 N. Y. 246; *C. L. Ins. Co.* v. *Bowman,* 90 id. 654; *Murdock* v. *Empire,* 9 Abb. Pr. 283; *Lentz* v. *Craig,* 2 id. 294; *A. Ins. Co.* v. *Oakley,* 9 Paige, 259, 264; 1 Barb. Ch. 608; *Gould* v. *Gager,* 18 Abb. Pr. 32; *Lefevre* v. *Laraway,* 22 Barb. 167; *Dawson* v. *Drake,* 29 N. J. Eq. 383; *Hazard* v. *Hodges,* 11 id. 423; *Miller* v. *Kendrick,* 15 At. 259; *Gilbert* v. *Haire,* 43 Mich. 283; *Stuts* v. *Brown,* 14 N. E. Rep. 230.) Neither the reorganization committee, the purchaser, nor the assignee of his bid were guilty of any fraud. (*Matthews* v. *Murchison,* 15 Fed. Rep. 691, 694; *Peck* v. *N. Y. & N. J. R. Co.,* 85 N. Y. 246, 252; *In re De Betz,* 9 Abb. Pr.

246, 252; *N. C. & S. L. R. R. Co.* v. *U. S.*, 113 U. S. 261; *Vilas* v. *Page*, 106 N. Y. 439, 452; *C. T. C. Co.* v. *Seasongood*, 130 U. S. 482; *Fuller* v. *Van Geesen*, 4 Hill, 171; *Fort* v. *Burch*, 6 Barb. 75; *McLaren* v. *H. F. Ins. Co.*, 5 N. Y. 151; *Twitchell* v. *Bartlett*, 51 id. 447; 52 Barb. 319; *Cheney* v. *Woodruff*, 45 N. Y. 98; *Whalen* v. *White*, 25 id. 462; *Stimson* v. *Arnold*, 5 Abb. [N. C.] 377.) There is no irregularity in the judgment of foreclosure and sale, or in the proceedings had thereunder, and even if held to be irregular, such irregularities have been waived and do not go to the merits. (2 R. S. 327, §§ 60, 61; Code Civ. Pro., §§ 1557, 1577; *Abbott* v. *Curran*, 98 N. Y. 665; *Blakely* v. *Calder*, 15 id. 617; *Baldwin* v. *Doying*, 114 id. 452; *Alvord* v. *Beach*, 5 Abb. Pr. 451; *H. M. Co.* v. *Farrington*, 82 N. Y. 121; 22 id. 323; 52 id. 28; 62 id. 86; *Stark* v. *Dinehart*, 40 id. 342; *Moore* v. *Shaw*, 77 id. 512; *Birdsall* v. *Birdsall*, 41 How. Pr. 389; *Keck* v. *Werder*, 86 N. Y. 264; *Hale* v. *Clauson*, 60 id. 339; *Marcus* v. *Leony*, 113 id. 619; *Peck* v. *N. Y. & N. J. R. Co.*, 85 id. 246.) The confirmation of the sale and the denial of the petition to set it aside were in the discretion of the Special Term, and its action having been approved by the General Term is not subject to review in this court. (*Hale* v. *Clauson*, 60 N. Y. 339, 341; *Wakeman* v. *Price*, 3 id. 334; *Dows* v. *Congdon*, 28 id. 122, 124; *King* v. *Platt*, 2 Abb. Dec. 527, 531; 3 Abb. [N. S.] 174; 34 How. Pr. 26; *Howell* v. *Mills*, 53 N. Y. 322, 335; *Goodell* v. *Harrington*, 76 id. 547; *Fisher* v. *Hersey*, 78 id. 387; *Wakeman* v. *Price*, 3 id. 334; *B. S. Bk.* v. *Newton*, 23 id. 160; *Dows* v. *Congdon*, 28 id. 122; *Crane* v. *Stiger*, 58 id. 625; *Hale* v. *Clauson*, 60 id. 339; *Goodell* v. *Harrington*, 76 id. 547; *Fisher* v. *Hersey*, 78 id. 387; *Howell* v. *Mills*, 53 id. 322, 335; *Peck* v. *N. Y. & N J. R. R. Co.*, 85 id. 246, 252, 253; *Winter* v. *Eckert*, 93 id. 367, 370; *Dennerlein* v. *Dennerlein*, 111 id. 518.) The burden is upon the appellant to show that the order of the General Term was made upon grounds which did not authorize the court to exercise any discretion in its decision. (Baylies on

New Trials and App. 232; *Cushman* v. *Brundet*, 50 N. Y. 296; *Mills* v. *Bildreth*, 81 id. 91, 94; *McKenna* v. *Bolger*, 94 id. 641.) The order appealed from must itself show that it was made upon a ground which did not authorize the court to exercise any discretion in its decision. (Baylies on New Trials and Appeals, 32; *In re K. C. E. R. Co.*, 82 N. Y. 95–98; *Brooks* v. *M. N. C. Co.*, 93 id. 647; *Bate* v. *McDowell*, 97 id. 646; *In re N. Y. & H. R. R. Co.*, 98 id. 18; *Thorrington* v. *Merrick*, 101 id. 5–9; *F. L. & T. Co.* v. *B. & M. T. Co.*, 15 N. Y. S. R. 516; *In re Board of Street Opening*, 111 N. Y. 581, 583.) So much of this order as orders a reference is not appealable to this court. (*Victory* v. *Blood*, 93 N. Y. 650; *Jones* v. *Jones*, 81 id. 35; *Walker* v. *Spencer*, 86 id. 162; *Hunt* v. *Chapman*, 62 id. 333; *Thurber* v. *H. B., etc., R. R. Co.*, 60 id. 326; *Chesterman* v. *Eyland*, 74 id. 452; *White* v. *D., L. & W. R. R. Co.*, 41 id. 250; *Potter* v. *Van Vranken*, 36 id. 619; *Martin* v. *W. H. Co.*, 70 id. 101; *Harrington* v. *Bruce*, 84 id. 103.) Respondents are justified in making quotations from order entered in the Supreme Court. (*Dunford* v. *Weaver*, 84 N. Y. 445; *Bank of Charleston* v. *Emeric*, 2 Sandf. 718; 2 City Court, 80; *Rockwell* v. *Furmin*, 8 Abb. [N. S.] 334; *A. Ins. Co.* v. *Barnard*, 26 Hun, 304; *People* v. *Snyder*, 41 N. Y. 411; *Howard* v. *Moot*, 64 id. 271.)

*Roger Foster* for Wise and Bill, respondents. So much of the petition as seeks to set aside the receiver's certificates issued in the De Haven suit was properly denied. (*Wallace* v. *Loomis*, 97 U. S. 146, 162, 163; *Vilas* v. *Page*, 106 N. Y. 439; *Miltenberger* v. *L. R. Co.*, 106 U. S. 287, 307; *U. T. Co.* v. *I. M. R. Co.*, 117 id. 434, 461, 462; *S. L. & P. R. Co.* v. *C. T. Co.*, 22 Fed. Rep. 269, 271; *Gilbert* v. *W., C. V. M. & G. S. R. Co.*, 33 Grat. 586; *Langdon* v. *V. & C. R. R. Co.*, 53 Vt. 228; *Humphreys* v. *Allen*, 101 Ill. 490; *Vilas* v. *Page*, 106 N. Y. 439, 451, 453; *C. T. Co.* v. *Seasongood*, 130 U. S. 482, 492; *W. S. L. & P. R. Co.* v. *C. T. Co.*, 22 Fed. 269, 271.) So much of the order as denies the

motion to set aside the sale is not appealable. (*C. L. Ins. Co.* v. *Bowman*, 90 N. Y. 654; *Winter* v. *Eckert*, 93 id. 367; *Goodell* v. *Harrington*, 76 id. 547.) The motion to set aside the sale was properly denied. (*Wetmore* v. *S. P. & P. R. Co.*, 3 Fed. Rep. 177.) The failure of the purchaser to pay the full amount of his bid, is not a ground of exception to the referee's report. (*Camden* v. *Mayhew*, 129 U. S. 73.) By consenting to so much of the order as directed a reference to provide for the manner in which payment for the sale is to be made, the petitioners have waived their right to appeal from so much of the order as confirmed the sale. (*Goodsell* v. *W. U. T. Co.*, 109 N.Y. 147; *Bennett* v. *Van Syckel*, 18 id. 481.)

EARL, J. There has been a bewildering maze of legal proceedings affecting the Bankers and Merchants' Telegraph Company and its property, and it is quite possible that wrong and injustice has resulted to some of the creditors of the company. The matters have, in many forms, been before the courts below by actions, receiverships, references, reports, petitions, motions and orders, and it would seem as if no real grievance should now remain unredressed. We certainly can perceive no method, according to the settled practice of this court, for administering relief to the appellant upon this appeal.

The judgment of forclosure is unassailed and from it we must set out upon an examination of the matters submitted for our consideration. It recites that it appeared, from an affidavit, that the bonds secured by the mortgage foreclosed, and then outstanding, amounted to $7,102,000, and it ordered that it be referred to a referee named, "to ascertain and report the principal sums due and unpaid on such bonds as may be ascertained and reported by such referee to be secured by said mortgage and the names of the respective persons holding any, and what title to the same, and that the said referee shall also ascertain and report which of the coupons issued with any bonds so certified by the plaintiff are outstanding and entitled to the security of the said mortgage, the names of the respective persons holding any and what title to the same, and the

sums due and unpaid on such coupons respectively and in the aggregate, together with the aggregate amount of the sums due and unpaid on all bonds and coupons so secured." It further ordered and adjudged that the mortgaged premises should be sold by the referee "unless previous to such sale the said defendant telegraph companies, or either of them, pay to the plaintiff, or its attorneys, the amount herein found as actually due and payable for principal and interest upon the bonds issued under and secured by the said mortgage to the plaintiff and interest thereon," besides the costs. The referee did not, prior to the sale, report the amount due upon the bonds, and hence the appellant claims that the sale was illegal. It was not expressly ordered that the referee should ascertain the amount of the bonds and make his report before he could sell, and the meaning of the judgment in that respect is not entirely clear. The judgment recites that the amount due upon the bonds appeared to the court, and the premises were ordered to be sold unless "the amount herein (in the judgment) found" — not the amount to be ascertained and reported by the referee — should be paid. It may be inferred that the main purpose of the reference was to ascertain who held the bonds and by what title they were held, with a view to a distribution of the proceeds of the sale, and that the sum named in the judgment was assented to by all parties and accepted by the court as sufficiently accurate for the purpose of the judgment and sale. The court was competent to interpret its own judgment, and by its confirmation of the sale it is shown that it understood that the reference, as to the amount of the bonds, was to be executed after the sale. But if it should be held that the reference ought to have been executed before the sale, so that the mortgagor could pay and thus stop the sale, then the execution thereof before the sale was for the benefit of the mortgagor, and it does not complain. But it is undisputed that valid bonds amounting to several millions were outstanding, and it is clear that no one would have paid the amount due upon the bonds for the purpose of stopping the sale. Besides, it appears that the bondholders have no real interest in the foreclosure

or the proceeds thereof, as the entire proceeds will be needed and exhausted to pay claims paramount to the bonds. So in any view the omission to execute the reference before the sale was, at most, a harmless irregularity, affecting no substantial right, and the court below could, at least, in the exercise of its discretion, decline to set aside the sale on that account.

It is further claimed that the referee had no authority under the judgment to execute a deed to the purchaser. But it is implied from the language of the judgment that he was to give a deed, as it provided that the purchaser should be entitled to the possession on the production of his deed, and that the telegraph companies and their receiver should join in the deed. The court below having sanctioned the ,giving of the deed, and thus construed its own judgment, no ground of complaint on that account remained to this appellant.

The judgment provided that the purchaser at the sale should pay a certain amount of cash, and that the balance of the purchase-price might be paid in receiver's certificates and in bonds secured by the mortgage, and that such certificates and bonds should be received only for the *pro rata* amount the holders of the certificates and bonds would respectively be entitled to receive on the distribution of the proceeds under the decree. Upon the sale the purchaser paid the cash required by the judgment and delivered to the referee what was supposed at the time to be a sufficient amount of certificates to pay the amount bid. It now appears that the certificates thus delivered are insufficient to pay the balance of the purchase-money ; but the purchaser gave ample security to pay any balance that might be found due from him, and the court below, in confirming the report of the referee, ordered that the referee should inquire and report to the court what receivers' certificates should have been or should be accepted by him in payment of the purchase-price, and how much if anything is due upon the purchase-price. So we think there is no just ground for complaint because the full purchase-price was not paid before the deed was delivered.

Prior to the sale there was a reorganization agreement, to

which the appellant was a party, and it now complains that the purchase was not made in pursuance of that agreement, and that the purchaser has refused to carry that agreement into effect. It would be a sufficient answer to this complaint that the purchaser denies that he was a party to the reorganization agreement alleged by the appellant, or that he agreed to purchase under and in pursuance of that agreement, or that he committed any fraud whatever in the purchase. But if the complaint be well founded, it furnishes no absolute ground for setting aside the sale. The court below could, in the exercise of its discretion, leave the appellant to pursue its remedy by action to enforce any rights it has under the reorganization agreement, or against the reorganization committee, for any breach of contract or violation of trust by them. A few days after the sale it, in fact, commenced an action against the purchaser, the reorganization committee, and the new corporation to which the premises sold had been transferred, to enforce the reorganization agreement and its rights thereunder, and that suit is still pending. The pendency of that suit does not furnish an absolute bar to the relief here claimed by the appellant, and, notwithstanding that, the court below could, in the exercise of its discretion, vacate the sale. But it could give the commencement of that suit its due weight, and, on account thereof, refuse to vacate the sale and leave the appellant to proceed for its relief in that suit. It was not bound to set aside the sale because a reorganization agreement, entered into by some of the creditors of the telegraph company, had been violated, and its discretion could not be controlled by such agreement.

There are other facts which the court could properly give, and probably did give, much influence in considering the application of the appellant. It did not offer to bid for the premises upon a resale any more than the purchaser had agreed to pay, or any sum whatever, and it did not show that any one would bid any more. It delayed, with knowledge of all the essential facts, for nearly two years before making the application, and, in the meantime, the property had gone into

a new corporation, which had expended large sums of money thereon, and had mortgaged the same to secure bonds, and had issued stock to the amount of millions. If, therefore, the sale should be vacated, it would be impossible to restore the parties to be affected thereby to the *statu quo*, and much irreparable mischief might be done.

So, on the whole case, it is clear that the appellant had no absolute legal right to have the sale set aside, and it cannot be said that the court below was without discretion to deny the application, or that it abused its discretion. That, under such circumstances, we have no jurisdiction to review the order appealed from is familiar law. (*Howell* v. *Mills*, 53 N. Y. 322; *Peck* v. *N. Y. & N. J. R. Co.*, 85 id. 246; *Winter* v. *Eckert*, 93 id. 367; *Dennerlein* v. *Dennerlein*, 111 id. 518.)

The appeal should, therefore, be dismissed, with costs.

All concur except PECKHAM, J., not voting.

Appeal dismissed.