TOWNSEND Cox and Another, in Behalf of Themselves and all Others Similarly Situated, Appellants, *v.* EDWARD S. STOKES and Others, Respondents.

*Agreement for the purchase of property under a reorganization scheme — notice of refusal to purchase — consequent modification of the agreement — rights of the parties for whose benefit the agreement was made.*

In pursuance of a judgment of foreclosure and sale certain property was sold at public auction to one Stokes, between whom and a reorganization committee of the corporation, whose property was sold under such judgment, an agreement (signed by the persons for whose benefit it was made by the committee), had been made, whereby Stokes undertook to purchase such property on the foreclosure sale and to hold it as trustee for the benefit of those persons who had signed the reorganization agreement.

After the agreement was entered into, and prior to the sale, the condition of the property sold greatly changed for the worse, and its value largely depreciated, and, twenty days prior to the day of sale, Stokes notified such reorganization committee that he could not carry out his oral agreement, and a modification thereof was thereafter arranged between such committee and Stokes, notwithstanding the fact that under the terms of the reorganization agreement the reorganization committee had not power to modify the terms of the agreement with Stokes, but only to act as the agent of the parties signing it to carry it into effect. In pursuance of this modification Stokes purchased such property on the sale.

*Held,* that the notification by Stokes to the committee, that by reason of the changed condition of the property he would not carry into effect his oral agreement, was notice to the persons who had signed the reorganization agreement, if timely and made in good faith ;

That the signers of such reorganization agreement were bound to accept either their *pro rata* share of the purchase price arising upon the sale of such property, or the terms of the new or modified reorganization agreement.

APPEAL by the plaintiffs, Townsend Cox and another, in behalf of themselves and all others similarly situated, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 26th day of May, 1890, upon the decision of the court rendered after a trial at the New York Special Term.

This action was brought by certain bondholders of the Bankers and Merchants' Telegraph Company, for themselves and for the benefit of all others similarly situated, to declare fraudulent the modification made of an agreement for the reorganization of such telegraph company, and to adjudge the property purchased by the defendant Stokes upon the sale under a judgment of foreclosure of the property of such telegraph company to have been purchased by him on behalf of the reorganization committee of the bondholders of such corporation; to procure the appointment of a receiver of all the securities and assets of the said corporation and for other relief.

This agreement of reorganization referred to was entered into and signed by various bondholders of such corporation, and, among others, by the plaintiffs in this action.

*Charles Steele*, for the appellants.

*Robert G. Ingersoll*, for the respondents.

FOLLETT, J.:

On the 5th of June, 1885, a judgment of foreclosure and sale was entered in this action which has not been appealed from or in any manner assailed, and it is binding on these litigants. Pursuant to this judgment, the property was sold July 31, 1885, at public auction, to Edward S. Stokes for $500,000. Afterwards a motion was made to set aside the sale on the ground that Stokes had refused to perform an oral contract made by him with the reorganization committee to purchase the mortgaged property as trustee for the benefit of certain persons who had signed a reorganization agreement, dated in May, 1885. This motion was denied. (*Farmers' Loan & Trust Co.* v. *Bankers & Merchants' Telegraph Co.*, 26 N. Y. St. Repr. 161; affd., 119 N. Y. 15.) Neither the judgment nor

the sale can now be questioned. It was proved and found that Stokes orally assented to the terms of the reorganization agreement of May, 1885, and agreed with the committee thereby created to purchase the property and hold it as trustee for the benefit of those who had signed the agreement. But it is found by the trial court, on undisputed evidence, that, after the agreement was entered into and prior to the sale, the condition of the property had greatly changed for the worse and its value had largely depreciated. The trial court found that prior to the day of sale the defendant Stokes notified the reorganization committee that he could not carry out his aforesaid oral agreement, and a modification thereof was thereafter arranged between the committee and Stokes, pursuant to which Stokes purchased the property. The evidence is that Stokes notified the chairman of the reorganization committee on July 11, 1885, twenty days before the sale, that he would not carry out his agreement with the committee. This modified agreement was reduced to writing and executed on the 7th of August, 1885, by the reorganization committee and by Stokes. It is not asserted that Stokes has failed to carry out the last-mentioned agreement. It must be conceded that under the terms of the reorganization agreement of May, 1885, known as Exhibit H in this litigation, the committee had not power to modify the terms of that agreement, but the reorganization committee was made by the agreement the agent of the person who signed it for the purpose of carrying it into effect, and we think that the notification by Stokes to the committee that, by reason of the changed condition of the affairs of the corporation, he would not carry into effect the oral agreement previously made by him in respect to purchasing the property, was notice to the persons who had signed the agreement. In other words, the notice having been timely given, and in good faith, it was as effectual as though it had been given to every signer of the reorganization agreement. Had the notification given by Stokes been made under circumstances which indicated bad faith on his part, or on the part of the committee, a different question would be presented. Stokes having refused to purchase the property under his oral agreement, founded on the reorganization agreement of May, 1885, but having purchased under a subsequent agreement, the plaintiffs are bound to accept one of two alternatives,

334 PEOPLE ex rel. MILLER v. JUSTICES, ETC.

First Department, May Term, 1894. [Vol. 78.

either their *pro rata* share of the purchase price upon the sale, or the terms of the new or modified reorganization agreement. The opinion of the learned trial judge states with great clearness the facts involved in this litigation, and in the result reached we concur.

The judgment should be affirmed, with costs.

Van Brunt, P. J., and Parker, J., concurred.

Judgment affirmed, with costs.