Merrimack,
Dec. 3, 1925.

### Thomas H. LeBrun v. Boston & Maine Railroad.

A decree of a court terminating a receivership and providing that the corporation to which the property is returned shall assume all the obligations and liabilities of the receiver, is designed for the protection of all persons having claims against the receiver.

Under such a decree, a party having a claim for personal injuries incurred during the receivership is entitled to bring suit on that claim against the corporation after the termination of the receivership.

Receivership proceedings against a railroad corporation operating in Massachusetts and New Hampshire, instituted in the United States district court for the district of Massachusetts, copies of all proceedings in the case having been filed in the United States district court for the district of New Hampshire, are not proceedings in the district court in Massachusetts alone, and the interpretation and execution of a decree terminating the receivership are not controlled, at least as to their operation in New Hampshire, by Massachusetts law.

The declaration having originally alleged negligence of the defendant railroad, an amendment alleging negligence of the receiver for which the defendant was responsible was properly allowed after suit would have been barred by the statute of limitations. Why or how the defendant became liable is merely a detail of the general claim of accountability.

Case, to recover for personal injuries received on August 7, 1917, while the defendant's railroad was being operated by a temporary receiver.

The writ is dated July 7, 1923. The declaration alleges negligence of the defendant. In January, 1925, the plaintiff was allowed to amend by alleging negligence of the receiver, for which the defendant is answerable. The defendant excepted.

The question whether the plaintiff can maintain the suit was transferred without ruling by *Sawyer,* J.

Other facts appear in the opinion.

*Robert W. Upton* and *Edward C. Niles (Mr. Niles* orally), for the plaintiff.

*Demond, Woodworth, Sulloway & Rogers (Mr. Jonathan Piper* orally), for the defendant.

Peaslee, C. J.   The plaintiff seeks to recover damages for injuries suffered while in the employ of a receiver who was operating the defendant's railroad.   After the discharge of the receiver, and within the time granted to plaintiffs in general to commence suit, he brought this action against the only party then existent who in any way stood in the place of his employer.   The defense is that the course of the receivership proceedings has been such as to deprive him of the usual right to maintain suit.   Whatever the authority of courts of equity to shorten statutes of limitation or destroy causes of action may be, it is manifest that there should be no presumption in favor of the exercise of such authority.   As was said in a case involving these receivership proceedings, "the federal decree is construed as intending to protect rather than defeat claimants fairly entitled to litigate their claims." *Watkins* v. *Railroad*, 81 N. H. 363, 364.

The receivership proceedings were nominally instituted by a creditor; but, as the opinion of the justice who had the matter in charge states, "the ground upon which a receiver . . . was appointed was not that its assets did not exceed in value the amount of its debts, but that the corporation was not able to meet its obligations as they matured."   It was a measure to protect the railroad, and there was no purpose to liquidate and distribute the assets. In course of time the railroad appeared to be able to go on without further protection from its creditors, and the receiver was discharged and the property returned to the corporation.

In the decree for ending the receivership it was ordered that the railroad "assume all the obligations and liabilities of the said receiver to any person or corporation."   It was further ordered that notice be given by publication to all claimants that they must present their claims within about two months from the date of the order "or be barred from prosecuting them in these proceedings." The required notice was given, and the plaintiff did not present his claim.

The fair intendment of the order seems to be that the railroad was to stand in the place of the receiver as to all his liabilities, and that claimants who wished to insist upon proceedings against the receiver must do so within the limited time. Thereafter, they must look to the railroad as the responsible defendant.

The decree broadly provides for the railroad's assumption of all the receiver's "obligations and liabilities" "to any person or corporation other than itself." It then specifically enumerates the assumption of contracts made by the receiver, the assumption in its own name of the prosecution and defense of all pending litigation to which the receiver was a party, the assumption of "all obligations of said receiver to other railroads or to any person or corporation whatever arising out of the operation of its railroads during any period of said receivership," and of all "liabilities and obligations of said receiver, contractual or otherwise," to the agencies acting under federal control of railroads. All of these special classifications are subordinate to and embraced within the general requirement first set forth, and are evidently designed to illustrate its broad scope. If the special requirements were distinct from and additional to the general one, the later ones would have been restricted to other subject matter.

Several cases, notably those from Massachusetts, are relied upon to support the defendant's claim of non-liability. In the earliest of these, no facts like those here presented appear. The sole ground of recovery was the taking over of, the property by the railroad. Even on those facts, the holding of non-liability was by a divided court. *Archambeau* v. *Railroad*, 170 Mass. 272. In *Tobin* v. *Railroad*, 185 Mass. 337, there was a rather colorable sale of the property to a new corporation, which took subject "to the lien" of the receiver's liabilities. Responsibility of the railroad because of this stipulation was denied because the plaintiff was not a party to the transaction; and the Massachusetts doctrine that a third party cannot sue upon a promise made for his benefit was relied upon. To the claim that the equities were all with the plaintiff, and that in some form of proceeding he was entitled to equitable relief, the answer was made that as to that phase of the case the matter could best be dealt with in Vermont, where the receivership proceedings had been carried on; and that there was no rule of law requiring Massachusetts to take jurisdiction.

*Graves* v. *Railroad*, 246 Mass. 459, involves the decree here under consideration. It is there said that "Every argument here urged

in behalf of the plaintiff is completely answered by these decisions." If this is true, it must be that the details of the decree were not before the court. These matters are not touched upon in the earlier cases, and the language above quoted would not have been used had the questions been raised in the Graves case.

It is the law of this jurisdiction that those holding claims against the receiver were parties to the receivership proceedings and that "the relations between them as established by the decree were direct and personal. The decree created substantive rights for the plaintiff and corresponding duties for the defendant, enforceable without the intervention of a third party by reason of such direct relations between them." *Watkins* v. *Railroad*, 81 N. H. 363, 365.

Reliance is placed upon a statement in the case last cited to the effect that the decree was not applicable to the Graves claim, because suit was not pending. *Ib.*, 365. Of course the meaning intended was that the part of the decree relied upon in the Watkins case was not so applicable. Nobody would think that the decree had no application at all to the Graves case or to this suit.

In the opinion accompanying the decree it is said that "the order must provide that all claims of third parties against the receiver . . . shall be speedily determined by this court." It is argued that this evidences a purpose to put an end to all claims not so presented. But this was stated as the method by which protection to the receiver was to be afforded. No other object was in view. The order barring claims accordingly provides that those not so presented could not thereafter be prosecuted "in these proceedings."

It is a matter of common knowledge that railroad accounts with other railroads frequently cannot be stated within so limited a period as that provided for presenting claims against the receiver. The assumption of such obligations of the receiver is provided for in the decree, but in terms in every way comparable with the assumption of liabilities generally.

It is urged that the decree and the action taken under it constitute a contract, that it is a Massachusetts contract, and that its meaning is a question of Massachusetts law, upon which the decisions in that state are conclusive here.

It does not appear that, upon the facts here presented, the Massachusetts law is against the maintenance of this suit. The transferred case contains no finding upon that point. Reference is made to the decisions in that jurisdiction, cited herein; but, as before pointed out, in none of them are the present facts passed upon.

But if it be assumed that the Massachusetts law is as claimed by the defendant, it does not dispose of the present case. The receivership was not merely a proceeding in Massachusetts. So far as the corporation and its property and rights in this state are concerned, the proceedings derive their validity from the filing of papers in the United States district court for this district. As to districts within the same circuit, this may be done and the proceedings then become effective there. 36 U. S. Sts. at Large, 1102. This is not only a proceeding in the district court for Massachusetts, but in a court which is given jurisdiction throughout the circuit. The decree is no more to be performed in one state than in the other. It is, in substance, a decree in each state, or one decree for all the states. Nor, if the proceedings be deemed contractual, was the contract made in Massachusetts alone. Its efficiency here depends upon the record in the local court. The corporation did not take back its local property and rights under Massachusetts law. Under these circumstances, the law of one state does not control the interpretation and execution of the decree in the other.

The decree has heretofore been dealt with here upon the basis above indicated. *Watkins* v. *Railroad*, 81 N. H. 363. In that case the question of its meaning and effect was treated as one of general law, and the Massachusetts authorities as precedents which might or might not be followed.

Moreover the situation involves the interpretation of the federal decree. That is a matter which would have been finally and conclusively settled by the federal court, if it had occasion to pass upon it. A court's interpretation of its own decrees is held to be binding upon other courts. *Farmer's Loan and Trust Company* v. *Company*, 119 N. Y. 15; *Union Trust Company* v. *Whiton*, 78 N. Y. 491. In the absence of such action, other courts may be called upon to construe the decree, but the question does not become one of local law because of that situation.

The present suit was not begun until some years after the receiver was discharged, and almost six years after the accident, and it is urged that relief be denied because of the staleness of the claim. The position is not tenable. If the plaintiff had the right to sue the day after the receiver was discharged, the right would continue for the usual statutory period.

The declaration is for negligence of the defendant. An amendment alleging negligence of the receiver, for which the defendant is answerable, was allowed subject to exception. The amendment was not

made until after an action would be barred by the statute of limitations.

The details of the declaration are not stated, but it is assumed that it counts on negligence of persons for whose conduct the defendant is answerable. Why or how it became so answerable is but a detail of the claim of accountability. The amendment was properly allowed. *Gagnon* v. *Connor*, 64 N. H. 276; *Seely* v. *Company*, 72 N. H. 49.

*Exception overruled.*

Snow, J., did not sit: the others concurred.