### SPAULDING *v.* WOODWARD.

A deed of warranty purported to convey nineteen acres of a larger tract, in common and undivided. The deed also contained the clause, " to remain in common and undivided," inserted at the close of the description, and before the habendum and covenants. *Held*, the clause is neither a condition nor a covenant, and does not restrict the right of one of the owners in common to compel partition of the premises.

PETITION FOR PARTITION, by William D. Spaulding against Jason H. Woodward, of a certain pasture. The petitioner, William D. Spaulding, being the owner of the pasture, on April 12, 1859, conveyed, by warranty deed, nineteen acres thereof, in common and undivided, to one John W. Spaulding, the deed containing, after the description and before the habendum and covenants, this clause, " to remain in common and undivided; " John W. Spaulding conveyed to Alden Lewis, and Lewis to the petitionee, Woodward, each conveyance being by warranty deed, and containing in the description of the land the clause above mentioned in William D. Spaulding's deed, or a clause similar thereto. The petitionee moved to dismiss. The question whether such motion should be granted was reserved for the law term, such orders to be made there as should have been made at the trial term.

*Whidden*, for the petitioner.

In answer to the defendant's motion to dismiss the petition in this case, on account of the following clause in the deed by which he obtains his title, " to remain in common and undivided," the plaintiff (petitioner) says,—The deed having this clause was from this plaintiff to one John W. Spaulding, who deeded to one Alden Lewis, and Lewis to

this defendant (petitionee). The deed from William D. Spaulding, as well as all the deeds down to Woodward, was in the usual form of a warranty deed conveying the estate in fee. The deed conveys the nineteen acres of land in fee, and the construction sought to be put upon the clause in question is unreasonable, contrary to public policy, and repugnant to the deed itself. It is essential to an estate in common to be subject to partition. *Morrill* v. *Morrill*, 5 N. H. 136; *Mitchell* v. *Starbuck*, 10 Mass. 5.

The natural construction of the language in question is, that it was only a temporary arrangement between the then parties, which was not binding or restrictive in law. The construction claimed by the petitionee would make it a perpetuity, and render it void in law. This construction would be repugnant to the nature of the estate granted, would infringe on the essential enjoyment and independent rights of property, and tend maninfestly to public inconvenience. 4 Kent's Com. 126 and 266; *Bank* v. *Davis*, 21 Pick. 42. "To remain, &c." is limited in its significancy, or void in law. If this were a condition, this petitionee, Woodward, is not so situated as to avail himself of it. *Hunt* v. *Wright*, 47 N. H. 396, is not in point. The parties there were joined by articles of association to hold the land for a special purpose and a limited time. No perpetuity was there created, and it is no precedent bearing upon this case.

*J. Benton*, for the petitionee.

The plaintiff asks for a partition, contrary to his own express covenant that the nineteen acres of the pasture conveyed are " to remain in common and undivided." The statute providing for the partition of land held in joint tenancy, or tenancy in common, does not prevent contracts between tenants modifying or limiting such right of partition, either at the time of the creation of the tenancy or afterwards. *Avery* v. *Payne*, 12 Mich. 540; *Coleman* v. *Coleman*, 19 Pa. St. 100. This clause is not in restraint of alienation, and is not against public policy; it concerns only the use or occupation. Originally, at common law, a tenant in common could not be compelled to make partition. 2 Black. Com. 194. The right given by statute may be waived by agreement. We think that the case of *Hunt* v. *Wright*, 47 N. H. 396, is in point, and decisive of this case. The court in that case declare that such a condition in a deed is not in restraint of alienation, for such tenant may convey his share at his pleasure, nor does it prevent a beneficial enjoyment of the profits, nor is the clause in question invalid as creating a perpetuity. It has been said that a grantor, when he conveys an estate in fee, cannot annex a condition to his grant absolutely restraining alienation, such restriction being imposed on him to prevent perpetuities; but short of that restriction the parties may model it as they please. Platt on Cov. 404; *Mitchinson* v. *Carter*, 8 D. & E. 60. This is no greater restriction than often exists in cases of real estate devoted by grant to the uses of copartnerships or corpora-

tions. Therefore no reason occurs to us, and none has been stated by the plaintiff, why the parties should not continue to use and occupy this land according to the terms of the plaintiff's deed.

FOSTER, J.   The power of compelling partition is incident to all estates held by tenants in common. 1 Washb. R. P. 581. In *Morrill* v. *Morrill*, 5 N. H. 136, partition is said to be a matter of right; and the power and manner of compelling partition is prescribed by chapter 228, General Statutes;—see, also, *Hoyt* v. *Kimball*, 49 N. H. 322.   Undoubtedly, the right of partition may be waived by the parties in interest, who, by express condition or proviso, may restrain and inhibit the exclusive beneficial use and enjoyment of estates holden in common or joint tenancy, to any extent short of an absolute restriction of alienation.   *Mitchinson* v. *Carter*, 8 D. & E. 60 ;   *Coleman* v. *Coleman*, 19 Pa. St. 100 ; *Avery* v. *Payne*, 12 Mich. 540 ; *Hunt* v. *Wright*, 47 N. H. 396 ;   *Hoyt* v. *Kimball*, before cited ; Platt   on Covenants 404 ; Broom Leg. Max. 539.   But, if the language used in a deed is of doubtful meaning, courts will always interpret it with reference to the probable intention of the parties, which must always be made apparent in order to operate as a restraint or incumbrance upon the full and free enjoyment, title, and control of the property conveyed by deed.   Thus, restrictive conditions are never favored in law ; and if it be doubtful whether a clause in a deed imports a condition·or a covenant, the latter construction will be adopted.   *Hoyt* v. *Kimball*, before cited. Courts, moreover, will avoid either construction, unless the one or the other is plainly demanded by the terms of the deed.   If it appear in the slightest degree doubtful whether any restraint upon the full and free beneficial use of an estate conveyed was intended by the parties to a deed, they will look carefully for some motive which may seem to indicate the intention of the parties, and aid the interpretation of the deed.

The clause which we are called on to interpret in this deed is not inserted as a restrictive condition, nor is it found among the covenants ; but it is contained in the body of the premises, and is incorporated in the description of one of the tracts of land conveyed.   No motive is apparent for making the clause a proviso, condition, or covenant; and if such a purpose had been intended, it would naturally have found expression by unequivocal adoption in the proper formal parts of the deed.   On the contrary, it seems to have been carelessly used as descriptive merely of the *status* of the land conveyed,—as of land which *is* in common and undivided,—the words " to remain " probably being used as equivalent to " remaining " or " the same being" in common, etc.

Such an interpretation being consistent with the ordinary incidents of estates, restrictive conditions being regarded with disfavor, and no reason being apparent for regarding the clause as a condition or a covenant, we are inclined to consider it as descriptive merely, and to hold that the parties are entitled to have partition.

Let an order issue to the trial term that partition be granted according to the mode provided by law.