ROY D. GRAVES *vs.* BOSTON AND MAINE RAILROAD.

Franklin.   October 8, 1923. — October 13, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & JENNEY, JJ.

*Receiver.   Railroad.   Negligence.   Wanton and Reckless Misconduct.*

One injured by reason of negligence or of reckless misconduct of employees operating a railroad system, owned by a railroad corporation, when it was in the control of a temporary receiver appointed by the District Court of the United States, cannot maintain against the railroad corporation, after the discharge of the receiver and resumption of operation by the corporation, an action of tort to recover damages thus sustained.

TORT for personal injuries.   Writ dated January 23, 1922.

Interrogatories were propounded by the plaintiff to the defendant, and were not answered, the defendant filing a statement under oath which set forth the grounds for its

refusal to answer. A motion by the plaintiff that the defendant be ordered to answer the interrogatories was heard by *Lummus*, J., and the defendant contended that the plaintiff, as a matter of law, could not maintain the action and that therefore the defendant should not be compelled to answer the interrogatories. The facts relied on by the defendant upon this point were agreed to by both parties in open court and are described in the opinion, and it was agreed that, if the court should be of opinion that, upon those facts, the plaintiff as a matter of law could not maintain the action, the court not only might deny the plaintiff's motion for an order to answer the interrogatories, but also might order judgment for the defendant.

Accordingly, the judge, being of the opinion that, as a matter of law upon the facts so agreed, the plaintiff could not maintain the action, denied the plaintiff's motion for an order to answer the interrogatories, ordered judgment for the defendant, and, being further of the opinion that such denial and such order ought to be determined by this court before further proceedings in the Superior Court, reported the action for that purpose, judgment for the defendant to be entered if his ruling was correct; otherwise, the action to stand for further proceedings.

The case was submitted on briefs.

*G. D. Cummings, G. F. Leary & G. E. Palmer*, for the plaintiff.

*H. F. Hurlburt & A. W. Rockwood*, for the defendant.

RUGG, C.J. This is an action of tort to recover compensation for personal injuries received by the plaintiff on May 2, 1917, through alleged negligence or reckless misconduct of those conducting the railroad system of the defendant. Facts agreed are that James H. Hustis was appointed temporary receiver of the defendant by the District Court of the United States for the district of Massachusetts on August 29, 1916, and was directed to operate its railroad. Under that decree he and not the defendant was engaged in the operation of the railroad subsequent to August 29, 1916, continuously until he was discharged by order of the court dated on November 29, 1919. On Decem-

ber 1, 1919, the defendant resumed the operation of its railroad. By the order of discharge it was provided that notice should be given that all claims against the receiver must be presented on or before February 1, 1920, or be barred. Notice as specified in the order was given. The plaintiff never filed any claim against the receiver and never sought or obtained in the United States Court leave to sue the receiver. The writ in the case at bar is dated January 23, 1922.

The single question presented is whether the plaintiff can recover in an action of tort against the defendant for personal injuries received from the operation of its road by a receiver duly appointed by a court of competent jurisdiction. That question is settled contrary to the contentions of the plaintiff by *Archambeau* v. *New York & New England Railroad,* 170 Mass. 272, *Archambeau* v. *Platt,* 173 Mass. 249, and *Tobin* v. *Central Vermont Railway,* 185 Mass. 337. Every argument here urged in behalf of the plaintiff is completely answered by these decisions. The facts that the receiver was termed temporary by the decree appointing him, and that the property was returned to the defendant after the termination of the receivership, make no difference in the governing legal principles. Neither the receiver nor his servants were the agents or servants of the defendant, and hence it is not responsible for their conduct. Our decisions and the almost universal weight of authority elsewhere support this view. See cases collected in L. R. A. 1918 F 320. The case at bar is distinguishable from *Carlson* v. *Mid-Continent Development Co.* 103 Kans. 464.

In accordance with the terms of the report, the entry may be

*Judgment for the defendant.*