Merrimack, }
Nov. 5, 1924. }

### ARTHUR J. WATKINS v. BOSTON & MAINE RAILROAD.

A stipulation filed by a corporation in compliance with and accepting the terms of a decree dissolving a receivership and restoring to the corporation its property in the hands of the receiver, and providing that the corporation shall assume all the obligations and liabilities of the receiver, and shall also assume in its own name the prosecution or defense of all suits then pending in which the receiver as such is a party, gives to a plaintiff in a suit against the receiver the right to prosecute it to final judgment against the corporation.

The plaintiff in a suit against a receiver is a party to the receivership proceedings, and a final decree terminating the receivership and fixing the relative rights of the corporation and claimants against the receiver is analogous to a contract between each of such claimants and the corporation.

The corporation, as a party to the suit, and by its formal stipulation accepting the obligations imposed by the decree as a part of the price for the return of its property, is estopped from action contrary to those obligations.

Though judgment in favor of the receiver is rendered in such a suit after the decree terminating the receivership, a subsequent petition for a new trial, in which the corporation is necessarily named as the defendant, is not a new and independent proceeding, but is merely a renewal of and incidental to the original suit; and the plaintiff's rights, secured by the decree to parties to suits then pending, are not lost by reason of the fact that the petition for a new trial is in form a separate proceeding.

The question of the terms upon which a new trial shall be granted is one of justice to be determined as a matter of fact by the trial court. If the record does not show that his finding on that question was necessarily wrong, it cannot be disturbed.

The misapprehension of counsel engaged in the preparation of a case for trial as to the sufficiency of certain evidence to prove an issue in the case, is evidence of negligence on his part, but does not conclusively establish such negligence.

PETITION for a new trial, being the same case reported in 80 N. H. 468. On further hearing the court decreed the plaintiff entitled to a new trial on payment of $2,334.61. To this decree and the findings on which it was based the defendant excepted. Further facts appear in the opinion. Transferred by *Sawyer*, J.

*Robert W. Upton, Joseph C. Donovan* and *Lucier & Lucier* (*Mr. Upton* orally), for the plaintiff.

*Demond, Woodworth, Sulloway & Rogers* (*Mr. Jonathan Piper* orally), for the defendant.

ALLEN, J. 1. The defendant's first ground of exception is that there can be no judgment against it for the receiver's liability.

The original cause of action was against the defendant's receiver for personal injuries resulting from the receiver's alleged negligence under the federal employers' liability law. The judgment in the receiver's favor was entered December 19, 1919. The receiver was appointed by the federal district court of Massachusetts in 1916. A decree discharging the receivership was entered November 29, 1919. By its terms, to take effect on December 1, 1919, among others, the estate in the receiver's hands was ordered turned over to the defendant on the condition of its filing its stipulation to "be bound by all the terms and conditions of the order"; the defendant was to "assume all the obligations and liabilities" of the receiver and save him harmless therefrom, and was to "assume in its own name the prosecution or defense of all suits" then "pending in which said receiver as such" was "a party," and protect and save him harmless "from all liability for any judgments" recovered in such suits and for costs and expenses incurred in such prosecution or defense, "whether incurred before or after the discharge" of the receivership. The terms provided for the defendant's assumption of other liabilities and obligations of the receiver. The decree also provided that the receiver give notice by publication that claims against him should be presented by February 1, 1920, or the claimants "be barred from prosecuting them in these proceedings," and that the defendant should pay such claims so far as allowed. The stipulation of the defendant was filed and the notice about claims published, so as to make the decree operative. The petition for a new trial was filed February 6, 1920.

The defendant's position is that since the plaintiff after February 1, 1920, could not present his claim for a new trial against the receiver, he could not bring a petition for it against the defendant, on the theory that the defendant could not be substituted for the receiver in the litigation by the effect and operation of the federal decree, but could only be made an additional party to it under principles of intervention, which by the operation of the decree are not available.

The receivership was instituted on a creditors' petition. In its discharge, the federal decree is construed as intending to protect rather than defeat claimants fairly entitled to litigate their claims. Its general scheme carefully and fully provided this protection. Its provisions already cited, without reference to others, are sufficient to manifest it, and language could hardly be clearer and stronger to show its purpose for the defendant's stipulation to bind it to take care of the receiver's liabilities of every possible nature. The pro-

vision that as to pending suits the defendant was to assume in its own name their prosecution or defense according as the receiver was plaintiff or defendant, coupled with the discharge of the receivership without waiting for their outcome, clearly and obviously meant that the defendant was to take the receiver's place in such suits as his substitute.

The plaintiff was a party to the receivership suit. The jurisdiction of the federal court in the suit included authority to determine how claimants against the receiver might proceed to establish their claims and what should be done to pay such as were established. The appearance or non-appearance of the plaintiff was immaterial, except as the decree made it otherwise. He was bound by the burdens of the decree on him and entitled to its benefits to him. The defendant was likewise bound and entitled. The plaintiff's failure to present his claim in the suit barred his rights against the receiver. But the decree gave him the right to continue to final judgment his original action in this state against the receiver, if it was then pending, by permitting the defendant "in its own name" to defend it, and to a judgment against the defendant on any final verdict he might obtain in that action. The defendant as a party to the suit and by its formal stipulation consenting to such an obligation as a part of the price for the return of its property is estopped from action contrary to its obligation. Both the plaintiff and defendant being parties to the suit, the relations between them as established by the decree were direct and personal. The decree created substantive rights for the plaintiff and corresponding duties for the defendant, enforceable without the intervention of a third party by reason of such direct relations between them.

It is not a situation of holding that the defendant may be treated as the original tortfeasor but merely that its judicially established liability to assume responsibility, if injury is proved, may be enforced. It is not a case of transfer or assignment of liability. It is not a case of A enforcing B's obligation to C to stand behind C in his liability to A, but it enforces an obligation in a situation in which both parties were legally participants. The decree in fixing the rights and duties of the parties between each other is analogous to a contract between them.

The Massachusetts cases cited by the defendant are not in point. In *Graves* v. *Railroad*, 246 Mass. 459, the action was not pending when the federal decree was entered and hence the decree was not applicable to it. In *Tobin* v. *Railway*, 185 Mass. 337, it was held

that the decree in the receivership suit therein involved did not authorize the determination of the receiver's liabilities in other courts. The action was not brought in the first instance against the receivers, and no such question of construction of the federal decree as is here presented was there raised.

It remains to be considered if the petition for a new trial is of and in a suit to which the receiver was a party, within the scope of the federal decree.

The new trial if granted is a new trial of the action originally brought. P. S., c. 230, s. 5, provides: "Whenever a new trial is granted, the action shall be brought forward on the docket of the court, and shall be tried as if no judgment had been rendered therein." The judgment is vacated and the action reinstated.

The original action had not gone to judgment when the federal decree was entered and it was in every sense then pending. When it went to judgment the judgment was not final. Between the entry of judgment and the granting of the new trial it was subject to being vacated, which shows its necessary lack of finality. While it was final unless something happened to it, that qualification made its finality conditional rather than absolute. There may be a period of apparent and assumed finality, sufficient to justify execution on it, but it is not actual and real while the rights of the defeated party to attack its validity can be successfully maintained.

The petition for a new trial is a separate proceeding only in the manner it is brought. Substantially it not only relates to but is a part of the original action. That it begins as a separate proceeding when brought after judgment is entered does not make it an independent one and does not affect its essential connection as incidental and belonging to the original action. Hence the failure to bring it until after the discharge of the receivership is of no consequence in this connection. Within the fair meaning of the federal decree it is part and parcel of pending litigation to which the receiver was a party.

If the decision of this court holding that a nonsuit should have been rendered had not been rendered until after the receivership was discharged, and the plaintiff had then, and before any entry of judgment, made his motion for a new trial on the grounds now urged, the situation would have been practically and substantially the same as it is. It is not assumed that the federal court intended to make any technical and precise distinctions between cases of this kind and those in which a motion to set aside a verdict is made before judgment

is entered on it. The equitable basis of a new trial to relieve against hardship caused without fault does not favor such distinctions, and the federal decree, made in an equity suit, in providing for the continuance of litigation to which the receiver was a party, is to be given a comprehensive application to effect its general purpose.

The enforcement of the plaintiff's substantive right against the defendant is a remedial question, as to which the test is what justice requires, in the absence of statute. *LaCoss* v. *Lebanon,* 78 N. H. 413, at p. 417, and cases cited. No suggestion has been made that the procedure invoked is not suitable.

2. The defendant's second ground of exception is that the evidence necessarily shows it entitled to more reimbursement than was ordered paid as a condition for the right to a new trial. In particular the defendant claims (1) allowance for expenses in connection with the transfer to and proceedings in this court of certain preliminary questions which grew out of the petition for a new trial, and are reported in 80 N. H. 102, (2) full allowance of expenses incurred outside of services of counsel in connection with the new trial, and (3) expenses of witnesses at the first trial over and above their statutory fees.

Respecting the first two claims, the court allowed one-half of the defendant's expenses in connection with the petition for a new trial after the disposal of the preliminary questions. On the previous transfer of this case in 80 N. H. 468, it was held that the question of allowance for such expense is one of justice to be determined as a matter of fact by the trial court on consideration of the equities on each side. Whether the expense was reasonably incurred, or even necessarily if the petition was not defaulted, is not the decisive test, but is merely one factor of consideration. In considering such expense the court may have balanced the allowance of part of it against the disallowance of the rest of it, and made its separate findings as nevertheless interdependent. Whatever an analysis about this would show, in respect to which the record is deficient, it does not necessarily appear that justice has not been done the defendant in the allowance made.

In respect to the expense of witnesses at the first trial over and above their statutory fees, the record does not disclose on what ground disallowance was made. It was for the trial court to determine the reasonableness or otherwise of such expense and no question of law is presented. That the expense was necessarily reasonable does not appear.

3. The defendant's third ground of exception resolves itself into an inquiry whether the trial court necessarily erred in finding plaintiff's counsel without negligence in going to trial without substantial evidence of the plaintiff's accident taking place on a curve of the railroad track. The following inferences might be drawn by the trial court. While counsel appreciated the need of such evidence, he thought he had it. He had analyzed the deposition of a railroad witness he had taken, assumed his testimony at the trial if produced as a witness would conform to it, and thought it would justify the inference of the location of the accident on the curve. In the preparation for trial, he supposed he had an understanding with adversary counsel assenting to his theory of the location. On the eve of trial he had notice disclaiming any such assent. In the limited time at his disposal, with the trial ready to begin, he reviewed the situation and concluded he had evidence enough for the jury's consideration on the point. He had been somewhat handicapped in preparing the case for trial by reason of the facts that assistant counsel who had worked in the earlier stages of preparation was later absent up to about the time of trial and the plaintiff himself suffered some loss of memory about the details of the accident as a result of it.

As stated in the opinion in the previous transfer of the case, the question of sufficiency of evidence to prove an issue is one of law. Failure correctly to appraise its insufficiency is not necessarily negligence. The fact that it does not tend to prove the issue does not necessarily show counsel to be careless in thinking it does. Many such cases are close to the line and because reasonable men may not draw certain inferences from certain evidence, it is careless to think they may does not follow. As in all cases of negligence, the situation of the actor is to be considered. Here there is some evidence, for example, of emergency and lack of time for the study and consideration reasonably required for the question, and the decision whether to go on with the trial or seek delay had to be made more or less offhand. Mistakes of law stand on the same ground as mistakes of fact in this respect. In general mistakes are evidence of negligence, but not conclusive. The record showing evidence from which counsel might be found free from blame in making his mistake, the finding that he was leaves nothing for the defendant on this ground of its exception.

*Exception overruled.*

SNOW, J., did not sit: the others concurred.