Hillsborough,
Oct. 3, 1949.  } No. 3850.

JAMES F. MULVANITY *v.* MARY E. NUTE.

*John D. Wilcox*, for the plaintiff, furnished no brief.

*John D. Warren*, for the defendant, furnished no brief.

JOHNSTON, J. Because of the language used, it is certain that the testamentary clause under consideration did not create an estate in common. R. L., *c.* 259, *s.* 17.

An estate in joint tenancy in fee with the right or incident of survivorship was established unless the devise should be construed as a gift to the son and the sister as joint tenants for life, with remainder in fee to the survivor. *Burns* v. *Nolette*, 83 N. H. 489, 496; 48 C. J. S. 929; 33 Am. Jur. 467, 468.

The language of Mrs. Mulvanity's will and the fact that the second and the third attesting witnesses were lawyers indicate that the draftsman was familiar with the meaning of the words "Joint Tenants" and other legal terms. *Therrien* v. *Therrien*, 94 N. H. 66. The formal wording of the devise states that the real estate is given to the son and the sister "as Joint Tenants" without any limitation for life or any other limitation whatsoever. R. L., *c.* 259, *s.* 17. It is not necessary to add words of inheritance to devise a fee in this state. R. L., *c.* 350, *s.* 6. It is true that the following sentence expresses the desire of the testatrix that the two beneficiaries shall have the right to occupy the premises during their lifetime and that upon the decease of one the title shall vest in the survivor; but this is stated as a desire only, in contrast with the preceding formal gift of a joint tenancy without limitation, and in the case of the latter estate the survivor does have title free from any claim of the other's estate. In accord-

ance with the definition of the phrase "joint tenancy" in R. L., c. 259, s. 17 which includes a conveyance or devise "to them and the survivor of them," the expression of the word "survivor" or a similar word or phrase should be taken as indicating merely an incident of a joint tenancy in fee, even if such meaning is already implied. Any repetition of ideas is for description and emphasis only. Under such circumstances the mere restatement of an idea already implied or even expressed is not ground for its rejection in favor of another, particularly where the former is in ordinary use and the latter is rarely used. Finally, nowhere does the testatrix use the term "remainder," which to a legal mind is a precise term for defining a future estate. It is reasonably clear that the testatrix intended a joint tenancy in fee rather than a life estate with remainder over to the survivor.

"The estate contended for by appellant—a joint life estate with contingent remainder to the survivor, is of such an unusual nature that before a court would be justified in holding such an estate had been created, clear and unambiguous language to that effect would have to be used." *Hart* v. *Kanaye Nagasawa*, 218 Cal. 685, 689.

Moreover, as the construction of a tenancy in common is favored by the law (R. L., c. 259, s. 17), so the idea of a joint tenancy that may be converted into a tenancy in common is preferable to one of a life estate with remainder, under which the right of survivorship cannot be affected. 38 Mich. Law Rev. 875, 884.

"It is settled in law that a joint tenant may alienate or convey to a stranger his part of interest in the realty, and thereby defeat the right of the survivor." 4 Thompson, Real Property (Perm. *ed.*), s. 1780. See also, *Wentworth* v. *Remick*, 47 N. H. 226, 227; 2 Tiffany, Real Property (3rd. *ed.*), s. 425.

Each of the questions reserved is answered in the affirmative.

*Case discharged.*

All concurred.