Merrimack,
No. 5187.

MARJORIE S. VALLEY

*v.*

ARTHUR F. VALLEY *& a.*

Argued February 4, 1964.
Decided March 31, 1964.

*Harry V. Spanos* and *Shulins & Duncan* (*Mr. Richard C. Duncan* orally), for the plaintiff.

*McLane, Carleton, Graf, Greene & Brown* (*Mr. Stanley M. Brown* orally), specially for the defendant Valley.

*Willoughby A. Colby* for the defendant Concord Savings Bank, furnished no brief.

WHEELER, J.  The parties as a result of a libel for divorce in which the defendant here was libelant entered into a stipulation the pertinent paragraph of which provides:

"6.  That within five (5) days next after the decree of divorce becomes final, the parties hereto shall prepare, execute, deliver and record a deed conveying from themselves as joint tenants to themselves as tenants in common, each to own a one-half undivided interest therein, the one-family house and other building on said premises located in Bradford, County of Merrimack and State of New Hampshire, subject to the mortgage of the Concord Savings Bank.

"Further, that the Libelant, Arthur F. Valley, shall have the right to reside in said one-family house and on said premises without the payment of rent therefor to the Libelee or her heirs and assigns, provided, however, that this non-payment of rent by the Libelant shall not preclude the Libelee from, at any time, disposing of her interest in said premises either on a voluntary basis or by judicial decree, and provided also, that the Libelant during any such rent-free period in which he so occupies said premises shall pay the monthly mortgage payments for said premises to the Concord Savings Bank, the real estate taxes assessed against said premises during any such period, the yearly fire insurance premiums during any such rent-free period

and shall pay for all repairs to said premises during any such rent-free period as he shall determine are required.

"Further, that in the event of a sale of said premises to a third party, the taxes and insurance paid or due for the year in which the sale of the premises is made shall be pro-rated. Any reasonable repairs made to said premises during the year of the sale shall also be pro-rated, but this shall not include major improvements of any kind, sort or description which shall be the sole responsibility of the Libelant."

The real estate in question was originally held by the parties in joint tenancy with the right of survivorship. On March 22, 1960 pursuant to the terms of the stipulation the parties conveyed the property to themselves as tenants in common. The deed contained the following provisions: "This deed is given pursuant to the terms of a Stipulation . . . in the action of Valley vs. Valley, Equity No. 4473, Merrimack County Superior Court, and is subject to the terms thereof."

Thereafter the plaintiff brought this petition for partition while the defendant was still in possession.

The issue presented here is whether under the terms of the stipulation the plaintiff has a right to partition. RSA 538:1.

The right of partition is incident to all estates owned by tenants in common, but this right may be waived by the parties in interest by express condition or proviso to any extent short of an absolute restriction of alienation. *Spaulding* v. *Woodward*, 53 N. H. 573; *De Harlan* v. *Harlan*, 74 Cal. App. 2d 555. It has been held in other jurisdictions that an agreement not to partition may be implied as well as express and will be implied and enforced if such implication proves necessary to secure a fulfillment of an agreement between cotenants. 68 C.J.S., Partition, *s.* 44. See *Rayhol Co.* v. *Holland*, 110 Conn. 516; 132 A. L. R. 666.

In deciding the question at issue it is necessary to determine the intent of the parties. We think the stipulation is ambiguous in a number of respects. On its face it gives the defendant what is tantamount to a life estate provided he resides there and pays the mortgage, taxes, insurance and makes repairs.

If by the provision for disposition of the wife's interest by "judicial decree" a right to partition was intended, the husband's right to occupancy would be of little value unless partition should be limited to the remainder interest only. Other provisions of the stipulation referred to "a sale of said premises"

as distinguished from disposition of the wife's interest.

At the trial the plaintiff offered evidence of earlier drafts of the stipulation together with correspondence relating thereto. This evidence was excluded subject to exception. In view of the ambiguities in the stipulation as filed this evidence should have been received to aid in the interpretation of the stipulation and determination of whether the right to partition was intended to be waived. *Rivier College* v. *St. Paul Fire Ins. Co.*, 104 N. H. 398, 402. Accordingly, the case is remanded for further hearing in the light of this opinion.

*Remanded.*

All concurred.