Hillsborough
No. 85-516

MARILYN A. DIONNE

v.

RONALD L. DIONNE

August 11, 1987

*Harvey & Mahoney*, of Manchester (*J. Campbell Harvey* on the brief and orally), for the plaintiff.

*Bossie, Kelly & Hodes P.A.*, of Manchester (*Robert F. Bossie* on the brief, and *Michael F. Merra* orally), for the defendant.

PER CURIAM. The plaintiff in this divorce action appeals from a final order recommended by a Master (*Edwin W. Kelly*, Esq.) and approved by the Superior Court (*Murphy*, J.). The issues presented are whether the trial court erred (1) in ordering the immediate sale

of the marital home, and (2) in awarding the plaintiff $65 per week in child support and no alimony. We find no error, and affirm.

Mr. and Mrs. Dionne filed cross-libels for divorce in 1985 after approximately eighteen years of marriage. They have one child, Shannon, born December 30, 1970. At the time of trial, Shannon had been recently diagnosed as having macular degeneration, a degenerative eye condition which had caused her to become legally blind.

The defendant provided most of the income for the family during the marriage. At the time of trial he had worked for the same employer for at least the last fifteen years and was earning approximately $25,000 per year. The plaintiff worked as an electronics assembler for a total of seven years, four at the beginning of the marriage and three after having raised Shannon to age five. She was unemployed for the five years prior to the divorce. The parties had lived in the same house throughout their marriage. At the time of trial, the estimated fair market value of the house was $85,000, subject to a mortgage of approximately $5750. In addition to the house, their major assets include a tract of land valued at $10,000, and various stocks, mutual funds, and personal property.

The divorce decree incorporated the parties' stipulation which provided for, *inter alia*, joint legal custody of their child, with physical custody awarded to the plaintiff; equal distribution of the proceeds from the sale of the tract of land; equal division of the parties' interests in stocks and mutual funds; and distribution of most of the parties' personal property. The decree further provided: (1) that the marital home be sold immediately and the proceeds equally divided; and (2) that the defendant pay $65 per week in child support. The plaintiff appeals those portions of the decree which relate to the sale of the home, the amount of child support, and the lack of an award of alimony.

She contends that the master abused his discretion in ordering the immediate sale of the home, because selling the home at this time would not be consistent with the best interests of her daughter and does not take into account evidence presented at trial concerning her daughter's present emotional state.

The trial court has broad discretion in matters of property distribution in a divorce action, and we will uphold its decision unless an abuse of discretion is shown. *Marsh v. Marsh*, 123 N.H. 448, 451, 462 A.2d 126, 128 (1983). The credibility and weight given to testimony is a question of fact, and if the master's findings can reasonably be made on the evidence presented, they

will stand. *Gordon v. Gordon,* 117 N.H. 862, 865–66, 379 A.2d 810, 813 (1977).

In this case, the master found that "it would not be detrimental to Shannon's best interest if the home were to be sold." He indicated that "there was no evidence or reason for the Court to believe the child would not adjust to any home in which she lived." A review of the record reveals that evidence was presented which portrayed Shannon as a healthy child, capable of traveling to and from school and within her neighborhood. Further, the New Hampshire Association for the Blind provides to Shannon, free of charge, special aids which help her compensate for her loss of vision.

■ The only evidence which could be construed as supporting the plaintiff's concern about her daughter's emotional state was testimony that Shannon was receiving counseling. The plaintiff offered no expert evidence to substantiate either the need for, or the provision of, such services. Clearly, there is evidence from which the master could reasonably make his findings and, given the lack of evidence substantiating the plaintiff's concerns, we find no error.

On the issue of child support and alimony, the plaintiff argues that the master failed to consider the evidence of her diminished earning capacity and misconstrued evidence relating to her mental condition in the process of determining her financial needs.

■ This court has recognized that a number of factors are relevant in the determination of adequate support. *See* C. DOUGLAS, 3 NEW HAMPSHIRE PRACTICE, FAMILY LAW § 373, at 335 (1982). "Notwithstanding the numerous considerations involved, trial courts have broad discretion in matters involving alimony and property distribution and we will uphold their decisions unless there was an abuse of that discretion." *Marsh v. Marsh,* 123 N.H. at 451, 462 A.2d at 128.

The master based his support order on several findings: (1) that the plaintiff had a minimum potential net earning capacity of $820 per month, based on a 40-hour work week at a wage of $5.50 per hour; (2) that this amount, in combination with the $280 per month in child support, would allow her to meet 91% of her stated expenses; and (3) that the shortfall could be funded from the interest on her portion of the proceeds from the sale of the marital property, estimated to be $40,000.

The plaintiff argues that the master's rationale is based on an erroneous finding that she is capable of earning $820 per month. At trial she testified concerning her mental status, her need for

medication and medical treatment, and a recent hospitalization. However, the plaintiff offered no psychiatric or medical testimony to corroborate her claims. The master found that she had the present ability to support herself, apparently assigning minimal weight to her testimony about her mental condition. This was within his discretion and we will uphold the finding unless unsupported by the evidence. *See Ballou v. Ballou,* 118 N.H. 463, 465, 387 A.2d 1169, 1170 (1978).

■ There was evidence presented that the plaintiff had only been unemployed for five years, from which it is reasonable to infer that she has skills that qualify her for gainful employment. The defendant testified that he believed his wife could work, although she did not want to. This was confirmed by the plaintiff's statement that she refused to attempt work. Despite the plaintiff's alleged need for psychiatric care, she did not seek it, purportedly for financial reasons, although she knew that the defendant's health insurance would have covered such care. Having no evidence before him other than the plaintiff's own potentially self-serving testimony to support a contention of unemployability, the master could reasonably find the plaintiff capable of contributing to her own support. Accordingly, we find no error in the master's determinations concerning the plaintiff's needs for alimony and support.

Nothing herein should be interpreted as preventing plaintiff from requesting alimony or increased child support in the future, pursuant to RSA 458:14, should a substantial change in circumstances occur.

*Affirmed.*