Carroll
No. 90-463

NORTHERN NEW HAMPSHIRE MENTAL HEALTH AND
DEVELOPMENTAL SERVICES, INC.

v.

JOHN R. CANNELL

July 26, 1991

*Cooper, Fauver & Deans P.A.*, of North Conway (*Dorcas H. Deans* on the brief and orally), for the plaintiff.

*Upton, Sanders & Smith*, of Concord (*Russell F. Hilliard* and *Bridget C. Ferns* on the brief, and *Mr. Hilliard* orally), for the defendant.

BROCK, C.J. The defendant, who owns the Intervale Motel in North Conway as a tenant-in-common with the plaintiff, appeals from two orders of the Superior Court (*O'Neil*, J., and *Mohl*, J.) rejecting his claim that the plaintiff's right to partition the motel property has been waived. For the reasons that follow, we affirm.

The origins of this dispute begin in 1974 when the defendant and his wife, Elizabeth Cannell, were divorced. As a married couple, the Cannells had acquired the Intervale Motel as tenants-in-common, each owning an undivided one-half interest in the property. During their divorce proceeding, they could not agree on the disposition of the motel, whereupon the Superior Court (*Loughlin*, J.), in its divorce decree, approved the Master's (*John D. McLaughlin*, Esq.) recommendation that "[t]he Motel title to remain as is; the income going to John and, if it is sold, the proceeds are to be divided equally between the parties."

In 1988, the plaintiff, Northern New Hampshire Mental Health and Developmental Services, Inc., acquired title to Elizabeth Cannell's one-half undivided interest in the motel, thus creating the

present tenancy-in-common between the plaintiff and the defendant. The plaintiff then petitioned the superior court to partition the jointly owned motel property. The defendant responded by filing a motion for summary judgment, arguing that there was no genuine issue of material fact and that, as a matter of law, the plaintiff's right to partition had implicitly been waived by virtue of the Cannells' divorce decree. The Superior Court (*O'Neil*, J.) denied the defendant's motion, finding that he had failed to demonstrate any "agreement between the parties from which a waiver of the right to partition can be implied." The Superior Court (*Mohl*, J.) thereafter granted the plaintiff's motion for summary judgment, specifically agreeing with the court's earlier order and ruling that the plaintiff is entitled to partition the property. It is from these rulings that the defendant now appeals.

 It has long been the law of this State that "[t]he power of compelling partition is incident to all estates held by tenants in common," *Spaulding v. Woodward*, 53 N.H. 573, 575 (1873), and is, thus, "a matter of right." *Id.*; *Valley v. Valley*, 105 N.H. 297, 299, 199 A.2d 93, 94 (1964); RSA 538:1. This right, nonetheless, is subject to waiver, which may be evidenced by an express condition or proviso or by an implied contract. *Miller v. Miller*, 133 N.H. 587, 592, 578 A.2d 872, 875 (1990); *Valley supra*. On appeal, as he did before the superior court, the defendant asserts that such a waiver exists in this case and directs us to his 1974 divorce decree as evidence thereof.

The defendant's argument centers on the divorce decree's provision that he is to receive the income from the motel property. The result of this provision, according to the defendant, is that Elizabeth Cannell implicitly waived any right to partition the property. Otherwise, he asserts, his right to the future income could be rendered meaningless. In support of his position, he directs our attention to *Miller v. Miller supra* and to a comment in the Restatement (Second) of Property. In *Miller*, we held that when a divorcing couple, in a divorce stipulation, agrees to maintain title to their marital home as joint tenants and to allow one of the parties to continue residing in the home, the non-residing party has implicitly waived his or her right to partition the property. *Miller, supra* at 592, 578 A.2d at 875. Similarly, the Restatement notes that "[w]here a divorce decree or separation agreement allows one spouse to live in the family home rent-free, or requires the consent of both for the house to be sold, courts almost universally find an implied and enforceable agreement not to sue for partition." RESTATEMENT (SECOND) OF PROPERTY,

*Donative Transfers,* Explanatory Notes § 4.5, comment 2, *c,* (4) at 233 (1983). The defendant claims that his right to receive income from the property is analogous to a spouse's right to continue living in the family home rent-free after a divorce.

■ The flaw in his argument, however, is that *Miller* and the above-quoted commentary, as defined by the cases cited thereunder, support a finding of implied waiver only when the divorcing parties have entered into an *agreement* to hold the property as tenants-in-common with one of the parties having the continued use or possession of the property. In the present case, no such agreement existed between the Cannells. Although it is true that the parties both suggested that the motel property continue to be held by them as tenants-in-common, it is clear from the court's divorce decree that, because the Cannells could not agree about what to do with the income produced by the motel, it was left for the court to decide how to dispose of the property equitably. Thus, in the absence of an agreement between the Cannells, the superior court was correct in ruling that Elizabeth Cannell had not implicitly waived her right to have the motel property partitioned.

■ The defendant argues that such a resolution is inequitable, in that, if the motel is subject to partition, he would no longer be able to receive what was awarded him under the divorce decree. This argument is simply without merit. First, the trial court, as evidenced by the Cannells' divorce decree, contemplated that the motel may be sold, at which time the defendant's rights to the income from the property would cease. More importantly, however, an action to partition property is one that calls upon the court's equity powers, so that "complete justice may be done by 'such means as are appropriate to the special circumstances and situation of each particular case.'" *Hale v. Jaques,* 69 N.H. 411, 413, 43 A. 121, 122 (1898) (quoting *Barney v. Leeds,* 54 N.H. 128, 145 (1874)); *see also* RSA 538:9. Thus, the defendant has the opportunity in the partition action to have the court consider any such special circumstances created by the divorce decree or which may have subsequently arisen and allocate interests based thereon.

Finally, the defendant argues that the court erred in granting the plaintiff's motion for summary judgment because there was a genuine issue as to whether Elizabeth Cannell had entered into an agreement about the disposition of the motel. He argues that the evidence would show that he and Elizabeth were in agreement that the motel would continue to be owned as a tenancy-in-common after their divorce, and, hence, that a factual issue as to waiver does exist.

Summary judgment is required when the trial court determines that no genuine issue of material fact exists and that, as a matter of law, the moving party is entitled to judgment. RSA 491:8-a, III; *Heaton v. Boulders Properties, Inc.*, 132 N.H. 330, 335, 566 A.2d 1127, 1130 (1989). It is incumbent upon a party opposing such a motion to do more than simply dispute the facts alleged in the moving party's motion and supporting affidavit. *Omiya v. Castor*, 130 N.H. 234, 237, 536 A.2d 194, 196 (1987). He or she "must set forth 'specific facts showing the existence of a genuine issue for trial.'" *Id.* (quoting *Arsenault v. Willis*, 117 N.H. 980, 983, 380 A.2d 264, 266 (1977)).

The defendant, in responding to the plaintiff's motion, failed to demonstrate such specific facts. The only evidence offered on the issue of an implied agreement between the Cannells was the court's 1974 divorce decree, which both plaintiff and defendant argue supports their respective legal positions. Thus, the court was correct in foregoing an unnecessary trial and proceeding to a determination of the legal issues based on the uncontroverted evidence it had before it.

■ Accordingly, the superior court's ruling that the plaintiff has the right to partition the jointly owned motel property is affirmed.

> *Affirmed and remanded for further proceedings consistent with this opinion.*

All concurred.