Rockingham
No. 90-392

C. ANN (TRUGLIA) SMITH

v.

SAVERIO G. TRUGLIA, JR.

November 7, 1991

*Albert E. Souther*, of Dover, and *Elizabeth Cazden*, of Manchester (*Mr. Souther* and *Ms. Cazden* on the brief, and *Ms. Cazden* orally), for the plaintiff.

*Shaines & McEachern P.A.*, of Portsmouth (*Robert A. Shaines* and *Jonathan S. Springer* on the brief, and *Mr. Shaines* orally), for the defendant.

THAYER, J.  The defendant appeals an order of the Superior Court (*Gray*, J.), approving the recommendation of a Master (*Deborah Kane Dickinson*, Esq.), which denied his motion to enjoin the plaintiff's sale of a piece of real estate. The issue raised on appeal is whether the trial court erred in refusing to allow the defendant to purchase the property on the same terms and conditions as were offered by the plaintiff to a third party, where the parties' divorce decree gave the defendant a right of first refusal on the sale of the property. We reverse and remand for further proceedings.

The parties were divorced in 1986. One of the marital assets was a parcel of land on the west side of Ocean Boulevard in Rye, containing a house and a restaurant, in which the defendant's mother owned a life estate. In the divorce decree, the Superior Court (*Nadeau*, J.) approved the Master's (*R. Peter Shapiro*, Esq.) recommendation and awarded this parcel to the plaintiff. The relevant provision in the decree reads:

> "M. Ann Truglia shall be awarded the following property; to wit:
> 1. Fee simple title to the two tracts of real estate with the buildings thereon situated on the westerly side of Ocean Boulevard, Rye, New Hampshire. The same shall be subject to those life estates, leases, easements and rights-of-way of record or in existence at the time of the institution of these proceedings. The defendant shall be granted a right of first refusal in said property."

By letter dated May 30, 1990, plaintiff's counsel informed defendant's counsel that the plaintiff had an offer from a third party to

purchase the property for $200,000, and that the plaintiff would be selling the property to the third party. The plaintiff, in recognition of the right of first refusal, offered the property to the defendant if he paid a $15,000 non-refundable deposit, with the balance ($185,000) to be due within thirty days. Subsequent to this letter, the defendant learned of the terms of the purchase and sale agreement between the plaintiff and the third party. The agreement provided that the selling price was $200,000, with a $500 deposit. The deposit was refundable in full if financing could not be obtained. The agreement was contingent upon the buyers' obtaining a $125,000 mortgage. Of that amount $50,000 was to be paid to the plaintiff and the other $75,000 was to be placed in an interest-bearing account for use by the third-party purchaser to acquire equipment and to restore the building. The parties agreed to a 24-month moratorium on the purchaser's payment of the $50,000 to the plaintiff. The plaintiff agreed to take back a $150,000 second mortgage, to be subordinated to the $125,000 first mortgage. The interest rate on the second mortgage was favorable to the purchaser.

Upon learning of these terms, the defendant advised the plaintiff that he elected to exercise his right of first refusal on the exact terms and conditions contained in the purchase and sale agreement between the plaintiff and the third party. The plaintiff refused, and the defendant filed a motion to compel her to offer him these same terms and, in the meantime, to enjoin the proposed sale.

After a non-evidentiary hearing, the master denied the motion. The decree, as approved by the court, states:

> "The Master cannot interpret paragraph M. (1) of the parties' final divorce decree to require the Plaintiff to finance the Defendant's purchase of the property she was awarded in the property settlement. The divorce decree was not a contract between the parties and, thus, the case law presented by Defendant's counsel is inapplicable. The Defendant shall have until August 28, 1990 to meet the purchase price contained in the pending Sales Agreement ($200,000.00) at which time the 'right of first refusal' anticipated by the divorce decree shall be waived if not exercised and the Plaintiff may proceed on the pending Agreement."

The defendant filed a motion for stay pending appeal, and the plaintiff indicated that she would not transfer the property during the appellate procedure. As a preliminary matter, we note that the purchase and sale agreement between the plaintiff and the third

party has lapsed, and it is unknown whether the purchasers will remain interested in the property once this litigation has been concluded. This appeal is not, however, rendered moot. The issue presented is "'capable of repetition, yet evad[es] review.'" *Royer v. State Dep't of Empl. Security*, 118 N.H. 673, 675, 394 A.2d 828, 829 (1978) (quoting *Weinstein v. Bradford*, 423 U.S. 147, 148 (1975)). The right of first refusal having been triggered, and the triggered right having been exercised, even though a dispute remains as to the appropriate terms of exercise, the holder and exerciser of the right holds an interest that is appropriate for consideration by a court of equity. *See Henderson v. Nitschke*, 470 S.W.2d 410 (Tex. 1971).

■ In a divorce action, the trial court has broad discretion relating to the distribution of property, *Dionne v. Dionne*, 129 N.H. 638, 639, 531 A.2d 319, 320 (1987), and we will uphold its decision absent an abuse of that discretion, *id.*

At the hearing before the master, the defendant presented case law interpreting contracts containing a right of first refusal as support for his position that he has the right to purchase the property on the same terms and conditions as the third party. He contends that the divorce decree is analogous to and may be construed as a contract. The defendant initially argues that the court's statement that "[t]he divorce decree was not a contract between the parties and, thus, the case law presented by Defendant's counsel is inapplicable," is erroneous as a matter of law.

The defendant cites *Watkins v. Railroad*, 81 N.H. 363, 127 A. 701 (1924), in which this court stated that "[a court] decree in fixing the rights and duties of the parties between each other is analogous to a contract between them." *Id.* at 365, 127 A. at 703. *Watkins*, however, is readily distinguishable, because the parties there had entered into an agreement which was incorporated into the court's decree. In the case before us, the parties did not choose to agree to the right of first refusal. Since distribution of the marital assets was contested by the parties, the provision at issue was ordered by the court in the divorce decree. *Compare Great Bay School & Training Ctr. v. Simplex Wire & Cable Co.*, 131 N.H. 682, 688, 559 A.2d 1329, 1332 (1989) (contractual agreement containing right of first refusal specifically enforced even if it results in hardship or unfair result) *with Northern N.H. Mental Health v. Cannell*, 134 N.H. 519, 522, 593 A.2d 1161, 1162–63 (1991) (distinguishing divorce decrees which contain solely court-ordered conditions from agreements stipulated to by the parties and adopted by the court). *See also In re Ransford*, 194 F. 658, 662 (6th

Cir. 1912) (judgments differ from contracts in that they lack the essential element of mutual assent of the parties). Thus, the trial court did not err in refusing to hold contract cases dispositive in interpreting this court-imposed right of first refusal in the divorce decree. Such cases are, however, instructive and should provide guidance to the trial court in its exercise of equitable powers.

■ The defendant's argument is primarily that the court's statement, that it could not "interpret paragraph M. (1) of the parties' final divorce decree to require the Plaintiff to finance the Defendant's purchase of the property," is erroneous in that a right of first refusal carries with it the right, as a matter of law, to meet all of the precise terms and conditions contained in a third party's offer. We disagree and hold that the court acted within its discretion when it considered the circumstances of the case in interpreting what was meant by the right of first refusal in the divorce decree.

■■ "[I]f the master's findings can reasonably be made on the evidence presented, they will stand." *Dionne*, 129 N.H. at 639–40, 531 A.2d at 320; *see also Gordon v. Gordon*, 117 N.H. 862, 865–66, 379 A.2d 810, 813 (1977). There is evidence in the record that since the parties' divorce in 1986, the defendant has repeatedly been held in contempt for failing to comply with the financial obligations imposed by the decree and, on one occasion, was arrested on a *capias* for child support and alimony arrearages totalling over $14,000. Such evidence supports the trial court's refusal to place the plaintiff in a position of extending credit to the defendant by requiring her to finance his purchase of the property. *See McAlpin v. McAlpin*, 129 N.H. 737, 742, 532 A.2d 1377, 1380 (1987) (it is desirable in a contested divorce to dispose of property such that there is little further interaction between the parties).

■ It was appropriate under the circumstances for the trial court to use its equitable discretion to require that the defendant pay cash for the property upon his exercise of the right of first refusal. The amount of that cash payment should be tailored so as to give the plaintiff substantially equal consideration and thus to preserve the right of first refusal awarded to the defendant in the divorce decree. This right was an element of a property settlement, and the value of that element is not subject to retroactive modification. *Douglas v. Douglas*, 109 N.H. 41, 43, 242 A.2d 78, 80 (1968). The changes in the *form* of the purchase, properly decreed by the trial court, have a

measurable effect on value. Therefore, in the proper exercise of its discretion, the trial court must determine an exercise purchase price for the defendant reflecting the value of the terms offered to the third party but not available to the defendant; namely, the favorable interest rate on the second mortgage, the 24-month payment moratorium, the subordination of the plaintiff's secured interest to $75,000 of senior debt not involved in the purchase, and such other terms of the purchase and sale agreement, favorable and unfavorable to the buyer, as are not included in the equitable restructuring.

We remand for determination of the appropriate exercise purchase price on a cash basis and to structure equitable terms for consummation of the sale.

> *Affirmed in part; reversed in part; remanded for further proceedings.*

All concurred.