Hillsborough
No. 91-279

MICHAEL D. SPELLMAN

v.

JOYCE E. SPELLMAN

October 14, 1992

*Beaumont, Mason & Campbell, P.A.*, of Salem (*William R. Mason* on the brief and orally), for the plaintiff.

*Harvey & Mahoney, P.A.*, of Manchester (*J. Campbell Harvey* on the brief and orally), for the defendant.

HORTON, J.   The plaintiff, Michael Spellman, appeals the decision of the Superior Court (*Barry*, J.), approving the recommendation of the Master (*Peter J. Bourque*, Esq.), on the defendant's, Joyce Spellman, motion to enforce the property settlement provision of the parties' divorce decree. Arguing that the trial court's order was an impermissible modification of a property settlement, the plaintiff raises three issues on appeal. First, he asserts that the trial court erred in determining that the equity in the marital home was to be divided at the time of its sale, rather than at the time of the divorce. Second, he maintains that he should not share in the cost of capital improvements undertaken to prepare the property for sale. Finally, he contends that he is entitled to interest as ordered in the original divorce decree. Finding no error, we affirm.

The parties were married in July 1976 and divorced in October 1988. At the time of their divorce, they entered into a permanent stipulation which was incorporated into the divorce decree. At issue here is paragraph eight of that stipulation which provides:

> "That the Defendant is awarded the residence located at 2 McQuesten Circle, Litchfield, New Hampshire. Michael D. Spellman will quitclaim his interest in said property to Joyce E. Spellman and in exchange Joyce E. Spellman will execute a mortgage to Michael D. Spellman for the sum and under the conditions pursuant to this paragraph. The parties shall agree on a certified appraiser who shall appraise the marital home. The net equity shall be determined by deducting the principal balance of the mortgage from the gross valuation. The net equity shall be distributed as follows: Sixty (60%) percent to the defendant; Forty (40%) percent to the Plaintiff. The Plaintiff shall receive the equity interest upon the occurrence of any one of the following: sale of the marital home; re-marriage of the Defendant; cohabitation by the Defendant with an unrelated adult male; or the expiration of five (5) years [from] the date of the decree. The Plaintiff shall receive interest on his equity interest at the rate of six (6%) percent per annum simple interest."

The stipulated award was not self-executing. Since determination of values and record confirmation of title and lien were required, the parties were charged with implementing the transfer. The parties failed to carry out the requirements of paragraph eight. Although the defendant submitted an appraisal to the plaintiff on October 31, 1988, the appraiser had been chosen by the defendant, not selected by agreement of the parties as required. At that time, the plaintiff neither accepted the proffered valuation nor proposed an acceptable alternative. No determination of net equity was made. The plaintiff failed to quitclaim his interest in the property to the defendant; the defendant did not execute any mortgage or promissory note in the plaintiff's favor. The parties continued to own the property as joint tenants. Both parties maintained interest in disposition of the property. Both parties were in a position to assert a claim to an increase in the equity, and both retained the risk of depreciation in the value of the property. All of these retained interests, claims and risks, however, were subject to the overriding control of the superior court.

The parties agreed, at the end of July 1990, to list the property for sale. They disagreed on the proposed application of the proceeds of sale and upon the interpretation of paragraph eight. In August 1990 the defendant filed a petition seeking, among other things, enforcement of the divorce decree. Specifically, she requested clarification of paragraph eight regarding the division of equity in the marital residence.

The trial court accepted the recommendation of the master and divided the equity in the marital home sixty percent to the defendant and forty percent to the plaintiff, the precise amounts to be established at the time of sale. The court further ordered the plaintiff to pay forty percent of the cost of repairs and capital improvements made by the defendant to prepare the house for sale. The trial court did not award the plaintiff interest on his share of the equity.

On appeal, the plaintiff first argues that the trial court erred in ordering that the equity in the marital home be divided at the time of its sale, "notwithstanding the provisions of the original divorce decree which divided the equity at the time of the divorce." We disagree.

■ Paragraph eight does not specifically identify the time of calculation. Implementation of the calculation and the acts of transfer and conveyance were left to the parties. Had the parties acted under the decree to value the premises, calculate the net equity and cast the interests of each in stone, there would be no room for the court,

absent fraud, to take another equitable look. *Douglas v. Douglas,* 109 N.H. 41, 43, 242 A.2d 78, 80 (1968). Where, as here, the parties have failed to effect the terms of a property settlement, and the terms of the decree material to that settlement must be interpreted and implemented by further order of the court, it is appropriate that the court take a second equitable look to determine what order would carry out the original equitable mandate. *See Smith v. Truglia,* 135 N.H. 18, 22, 599 A.2d 122, 125 (1991).

By failing to make the required conveyance, the plaintiff kept himself in position, absent further order of the court, to control the timing of the sale. He preserved his opportunity to benefit from a rising market and to claim the benefit of increased equity accruing through applications to the mortgage principal. He cannot be heard to complain that equity also charges him with the risk of a falling market.

■ The present depression of real estate values will result in a current sale price for the residence which is well below the appraised value submitted by the defendant in October 1988. The trial court found that if the property were to be sold today and the plaintiff awarded forty percent of the 1988 valuation, he would receive approximately *seventy* percent of the net equity realized on the sale. We find no abuse of discretion in the trial court's ruling that the plaintiff is entitled to forty percent of the net equity determined at the time of sale. *Smith,* 135 N.H. at 21, 599 A.2d at 124.

The plaintiff next asserts that the trial court erred in ruling that he must contribute forty percent of the expenses necessary to prepare the house for sale. The defendant counters that the plaintiff's continued joint ownership of the property makes him responsible for a proportion of these ownership costs.

■ "Adjustment in the value of a residence for expenses associated with a contemplated sale may be an appropriate consideration in some equitable distribution cases." *Zeigler v. Zeigler,* 530 A.2d 445, 447 (Pa. Super. 1987); *cf. Crooker v. Crooker,* 432 A.2d 1293, 1297 (Me. 1981) (upholding trial court's disallowance of sale expenses where any future sale of restaurant was merely speculative). Because any expenses incurred to prepare the house for sale should bring a higher sale price and, consequently, benefit both parties, we find no abuse of discretion in the trial court ordering the plaintiff to reimburse the defendant for forty percent of those costs.

The plaintiff also maintains that he is entitled to interest on his equity in the property. He concedes in his brief, however, that "one can argue when the interest begins to accrue."

■ The decree awards the plaintiff "interest on his equity interest at the rate of six (6%) percent per annum simple interest." The decree explicitly states, however, that "[t]he net equity shall be determined by deducting the principal balance of the mortgage from the gross valuation." Because the plaintiff is to receive net equity valued at sale, there is no figure against which to apply the six percent interest. The property has been carried for him, and presumably the mortgage balance diminished since the effective date of the original decree. Based on its order on the motion, the trial court's failure to award interest is not error.

*Affirmed.*

All concurred.