Hillsborough
No. 92-155

CHARLES J. BOISSONNAULT

v.

BARBARA A. SAVAGE

May 20, 1993

*Robert G. Senn*, of Nashua, by brief and orally, for the plaintiff.

*Spaloss and Rosson*, of Nashua (*Henry F. Spaloss* on the brief and orally), for the defendant.

THAYER, J.   The plaintiff, a judgment creditor of the defendant's husband, appeals an order of the Superior Court (*Murphy*, J.) denying the plaintiff's petition for partition of the defendant's marital residence. We reverse and remand for a partition hearing.

The defendant and her husband purchased their marital residence in 1972 as joint tenants with the right of survivorship. The plaintiff filed a civil action against the defendant's husband and received a judgment for $26,400 in 1980. In 1989, plaintiff sued on the judgment, was granted an attachment, and obtained judgment on the original judgment. The plaintiff then sought execution of the judgment in February 1990. To satisfy the execution issued for $45,629, the defendant's husband's interest in the marital residence was auctioned at a sheriff's sale on June 14, 1990. As the highest bidder, the plaintiff acquired title by sheriff's deed. After the statutory redemption period had fully expired, the plaintiff brought a petition for partition. The trial court denied the petition, ruling that the sheriff's sale conveyed to the plaintiff "a life estate in [an] undivided half interest," severing the joint tenancy held by the defendant and her husband. In so ruling, the trial judge determined that the defendant retained her right of survivorship. The plaintiff appeals, arguing that the trial judge erred in determining the state of the title and that, as cotenant with the defendant, the plaintiff is entitled to partition as a matter of law.

While we agree with the trial court's ruling that the sheriff's sale severed the joint tenancy, thus converting the estate into a tenancy in common, we disagree that the defendant retained her

right of survivorship. The survivorship right is certainly the distinguishing feature of a joint tenancy. 2 H. TIFFANY, THE LAW OF REAL PROPERTY § 419, at 198 (B. Jones ed., 3d ed. 1939). It is not an absolute right, however, because "a joint tenant may alienate or convey to a stranger his part of interest in the realty, and thereby defeat the right of the survivor." *Mulvanity v. Nute*, 95 N.H. 526, 528, 68 A.2d 536, 538 (1949) (quotation omitted). The conveyance of a joint tenant's interest at a sheriff's sale severs the joint tenancy and defeats the right of survivorship, after which the judgment creditor, as purchaser at the sale, becomes a tenant in common with the remaining cotenant. *See* 2 TIFFANY, *supra* § 425, at 211; 59A AM. JUR. 2D *Partition* § 54, at 41 (1987).

■ We conclude that the trial court erred in several respects. First, the court ruled that the defendant cannot be deprived of her survivorship right unless she gives her consent, citing to cases from jurisdictions that recognize tenancies by the entirety. In these jurisdictions, tenancies-by-the-entirety ensure that it will be extremely difficult, if not impossible, for a judgment creditor to destroy a non-debtor-spouse's right of survivorship. This special form of ownership was abolished in New Hampshire in 1860. *See* Laws 1860, ch. 2342; *Clark v. Clark*, 56 N.H. 105, 109 (1875) (*Smith*, J., concurring); *see generally* C. DEGRANDPRE, 7 NEW HAMPSHIRE PRACTICE, WILLS, TRUSTS AND GIFTS § 19.03, at 224 (2d ed. 1992). Our State addresses this situation through the use of the homestead exemption, RSA 480:1 (Supp. 1992).

■ Second, the court based its determination on an "expectancy interest" concept in reasoning that "[s]ince the purchase 20 years ago, the defendant has held an expectation of owning the entire property if she outlived her husband" and, unless she consents, "[a] levying creditor of her husband cannot deprive her of that expectation." We hold to the contrary, however, because a purchaser at an execution sale acquiring "the interest of one of two individuals who held their property as joint tenants with the right of survivorship becomes a tenant in common and generally may compel partition." 59A AM. JUR. 2D *Partition* § 54, at 41. A mere expectancy interest is not sufficient to resuscitate the survivorship right that was terminated along with the joint tenancy. *See generally* 2 AMERICAN LAW OF PROPERTY § 6.2, at 8–9 (A.J. Casner ed., 1952).

■ Additionally, in ruling that "[t]he severance did not deprive the defendant of her right to survivorship, because she holds a contingent remainder interest," the trial court cited to a legal encyclopedia for the proposition that

"in some jurisdictions, the addition of the words 'with right of survivorship' to the instrument creating the joint tenancy creates a contingent remainder interest in the survivor which cannot be defeated by the act of one joint tenant. Thus, in some jurisdictions, one tenant is not entitled to have partition over the objection of the other."

59A AM. JUR. 2D *Partition* § 27, at 25–26.

■■ The trial court erred in relying on this proposition because New Hampshire is not one of the jurisdictions that follows it. Our case law recognizes the principle that a joint tenant may defeat the right of the survivor by alienation or conveyance. *See Mulvanity*, 95 N.H. at 528, 68 A.2d at 538; *see also* 2 TIFFANY, *supra* § 425, at 208. Furthermore, "[i]t has long been the law of this State that the power of compelling partition is incident to all estates held by tenants in common, and is, thus, a matter of right." *Northern N.H. Mental Health v. Cannell*, 134 N.H. 519, 521, 593 A.2d 1161, 1162 (1991) (quotation and citations omitted). Accordingly, the trial court erred in ruling that the plaintiff, as cotenant with the defendant, may not have partition over the objection of the defendant.

■ An action for partition calls upon the court to exercise its equity powers and consider the special circumstances of the case, in order to achieve complete justice. *Id.* at 522, 593 A.2d at 1163. For instance, in her brief, the defendant argues that partition would prejudice her interest in the marital property and dispossess her of her home. The defendant has the opportunity to have the court consider any such special circumstances and allocate interests based thereon.

■ The defendant also argues that the homestead right, RSA chapter 480, allows her to occupy the marital residence, thus barring partition. The defendant, however, misconstrues the statutory language. The homestead right, as created by RSA chapter 480, provides that "[e]very person is entitled to $30,000 worth of his homestead, or of his interest therein, as a homestead." RSA 480:1 (Supp. 1992) (statute amended to increase homestead amount from $5,000 to $30,000 effective Jan. 1, 1993). "The owner and the husband or wife of the owner are entitled to occupy [this] *homestead right* during the owner's lifetime." RSA 480:3-a (1992) (emphasis added). In her argument, the defendant relies on a misinterpretation of RSA 480:3-a. This statutory provision merely establishes the duration of the homestead right; it does not define the nature of the right itself. Therefore, we hold that RSA 480:3-a does not entitle the defendant

to occupy the marital premises and preclude the plaintiff from seeking partition, at which time the homestead right may be accommodated.

■ Accordingly, we reverse the trial court's ruling that the plaintiff may not seek partition, and remand this case for proceedings consistent with this opinion. We note, however, that RSA chapter 538 was repealed (effective January 1, 1993) and wholly supplanted by RSA chapter 547-C (Supp. 1992). We remand this case to the superior court to decide, in the first instance, which court will conduct the partition hearing and which partition statute controls. We need not decide the effect of the homestead right on the court's partition determination, nor decide which statutory amount applies to this case, because those questions are not properly before us.

*Reversed and remanded.*

All concurred.